MARY LYNCH, administratrix, *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Hampden.    September 27, 1893. — October 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Loss of Life — Railroad — Due Care — Negligence — Employers' Liability Act — Action.*

A person employed by a railroad corporation, while engaged in a stooping position in cleaning under a switch bar in the corporation's yard, upon the tracks in which cars are being shunted, has no right so far to rely upon being warned, either by the section foreman or by a person on the car, of the approach of a shunted car, as to excuse him from using his eyes; and if, under such circumstances, he is struck by a car, receiving injuries which cause his death, no action can be maintained against the corporation, either under the employers' liability act, St. 1887, c. 270, or under Pub. Sts. c. 112, § 212, as amended by St. 1883, c. 243.

TORT, by the administratrix of the estate of Patrick Lynch. who, while in the defendant's employ, and engaged· in cleaning under a switch bar in the defendant's yard at West Springfield, was struck by a shunted car, receiving injuries which caused his

death. The declaration contained four counts, the first three being under the employers' liability act (St. 1887, c. 270), and the fourth under Pub. Sts. c. 112, § 212. Trial in the Superior Court, before *Dewey*, J., who directed the jury to return a verdict for the defendant; and reported the case for the determination of this court. If the action could be maintained, the verdict was to be set aside and a new trial granted; otherwise, the verdict was to stand. The facts appear in the opinion.

*J. B. Carroll*, for the plaintiff.

*W. H. Brooks*, for the defendant.

HOLMES, J. This case bears some resemblance to *Davis* v. *New York, New Haven, & Hartford Railroad*, ante, 532. The plaintiff's intestate was killed while engaged in a stooping position, in cleaning under a switch bar in the defendant's yard, the work being of a kind which naturally withdrew attention from approaching trains. The difference is that in this case there is no sufficient evidence that the defendant had given the deceased the right to rely upon being warned when a train or car approached, in such a way as to excuse him from using his eyes. The strongest testimony bearing upon the matter is that of the section foreman. He says that he generally looked out for the men the best way he could and warned them, but that even if the men were together they had to look out for themselves, and of course that they had to look out for themselves when they were in different parts of the yard. At the time of the accident the men were separated, and the deceased must be taken to have known that he was not relieved from the necessity of keeping watch for himself. If so, he was not free from negligence in failing to do so. The case is distinguished in like manner from *Maher* v. *Boston & Albany Railroad*, 158 Mass. 36, where the deceased had a right to rely on being warned by a tell-tale of the approach to a bridge, and from *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, 382, where there was an implied assurance that the use of the track was suspended. See also *Lake Shore & Michigan Southern Railway* v. *Lavalley*, 36 Ohio St. 221; *Vose* v. *Lancashire & Yorkshire Railway*, 2 H. & N. 728.

What we have said with reference to a warning from the foreman applies also, in our opinion, to a warning from the car. Although we fear that on this point we are at variance with

*Lake Shore & Michigan Southern Railway* v. *Murphy*, 33 N. E. Rep. 403, we are compelled to think that the deceased had no right to abandon the use of his own eyes, and to rely upon being warned from every car that might be shunted or kicked upon the track where he was working. We do not perceive that he had reason to expect any such warning with certainty. But if he had, the only warning that he could expect was a shout as the car drew near, and this would not have been sufficient to warrant his not using his eyes and relying on his ears alone. Still less could he rely upon the car being stopped in time after it should be discovered that he was not going to get out of the way. The case is not so strong for the plaintiff as if the deceased had been run down by an engine, which ordinarily would have a man on the lookout. See *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31; *Aerkfetz* v. *Humphreys*, 145 U. S. 418, 421. It is not necessary to consider whether any evidence can be discovered of negligence on the part of a person who had charge or control of a train; see *Devine* v. *Boston & Albany Railroad*, *ante*, 348; or of other neglect on the part of, or imputable to, the defendant. If the deceased was negligent, of course no action can be maintained either under St. 1887, c. 270, §§ 1, 2, or under Pub. Sts. c. 112, § 212, as amended by St. 1883, c. 243.

*Judgment on the verdict.*