ANNIE TIRRELL vs. NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

SAME, administratrix, vs. SAME.

Norfolk.   December 6, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

. *Negligence,* Employer's liability, Contributory.

A gateman at a railroad crossing who at night, after shutting his gates to guard
against an approaching freight train, leaves his gates and stands between the
tracks without any apparent reason for doing so, takes the risk of being struck
by a stake connecting the engine with a car on a parallel track, and, if he is thus
killed, his widow and administratrix cannot recover under St. 1887, c. 270, §§ 1, 2,
or Pub. Sts. c. 112, § 212, St. 1883, c. 243.

TWO ACTIONS OF TORT by the widow and administratrix of a
gateman at a railroad crossing to recover under the statutes
cited by the court for the death of her husband and intestate
by reason of the negligence of the defendant.   Writs dated
October 20, 1900.

In the Superior Court, *Bishop,* J. ordered verdicts for the
defendant ; and the plaintiff alleged exceptions.

*A. F. Flint,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

HOLMES, C. J.   These actions are brought under St. 1887,
c. 270, §§ 1, 2, for the death of the plaintiff's husband and intes-
tate, Joseph R. Tirrell, with a count in the second case under
Pub. Sts. c. 112, § 212, St. 1883, c. 243.   Tirrell was employed by
the defendant as a gateman at a crossing.   The accident hap-
pened at this crossing at night.   It was usual for a south bound
freight train from Boston to make some changes at this place
and time, and it was engaged in making them when Tirrell was
killed.   In the process the engine necessarily moved and had
moved to and fro past the crossing.   Tirrell had shut his gates
and knew of the presence of the train.   He must have known
also what it was engaged in doing and what it might be expected
to do.   The plaintiff's case is that just before the accident the
tender of the engine while standing near the crossing had been
connected with a car on a parallel track by means of a stake,

that it started suddenly in order to move the car, the car but not the engine having been stationary for a few minutes before, and that Tirrell, who for some unexplained reason had left his gates, was struck by the stake and killed while standing between the tracks.   The judge before whom the case was tried directed a verdict for the defendant, and the plaintiff brings the case here on exceptions.

We are of opinion that the direction was right.   The plaintiff cites various rules of the defendant to show that the defendant was negligent in not having a light on the end of the tender nearest to Tirrell, in not ringing before the engine started, etc., and also contends that the use of the stake was improper and dangerous.   Without examining the rules in detail to consider whether any of them apply to movements such as those in which the engine was engaged, or otherwise might have affected Tirrell's rights, it is enough for us to say that the plaintiff, if she invokes the rules, must take the burden with the benefit, and that the rules cautioned gatemen not to rely upon whistles or bells, and instructed them to prevent any one from crossing the track while the gates were down, and not to perform any work except guarding the crossing and property of the company. Apart from the rules, Tirrell himself having given the signal of present danger by lowering his gates, and having his place of duty by those gates, went across the tracks at his own peril unless called by some unusual duty such as is not shown to have existed in this case.

We have stated the case in the barest possible way, stripped of all the facts which the plaintiff possibly might dispute.   The indications of the evidence are more favorable to the defendant. It is suggested that Tirrell may have been led to cross by the arrival of a horse and wagon at the other side of the track. But it does not appear that the wagon arrived until after the accident, or that if there earlier it offered any reason for Tirrell's attempt, or that in fact it influenced his mind in any way. We perceive no grounds upon which the defendant reasonably could have been charged.   See *Dyer* v. *Fitchburg Railroad,* 170 Mass. 148; *Caron* v. *Boston & Albany Railroad,* 164 Mass. 523, 531; *Granger* v. *Boston & Albany Railroad,* 146 Mass. 276, 281.

Our decision makes it unnecessary to consider the rulings as to evidence.                                   *Exceptions overruled.*