ANNA JEAN *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    March 5, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Negligence,* Contributory of employee.

One of a yard gang of a railroad company is not in the exercise of due care, if after jumping from the cab of a switching engine he steps or walks upon a parallel track six feet away, without looking to see whether a train is coming, and is struck by a freight train moving from seven to nine miles an hour, and his failure to look in the direction of the approaching train is not excused if the bell of the engine striking him was not rung.

TORT under St. 1887, c. 270, §§ 1, 2, for causing the death of the plaintiff's husband, one of a yard gang in the defendant's freight yard at Lowell. Writ dated July 19, 1901.

In the Superior Court *Gaskill,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Bent,* for the plaintiff.

*F. N. Wier,* for the defendant.

BARKER, J. We are of opinion that there was no evidence from which it could be found that the plaintiff's husband was killed while in the exercise of due care. It might be found from the evidence that the bell of the engine which struck him was not rung. But the engine was drawing a freight train the speed of which was from seven to nine miles an hour. This train was going in the same direction as the switching engine and cab from which the deceased jumped to the ground and upon a track parallel with that on which was the switching engine. The two tracks were about six feet apart and the deceased jumped from the cab to the space between the two tracks, and then walked on to the track on which the freight train was approaching. Both these tracks were substantially straight at the place of the accident and for some six hundred feet in the direction from which the freight train was approaching. The track on to which the deceased walked was the outward bound track and trains in the regular course passed over it in the same direction in which the switching engine was

passing when the deceased jumped off. As he jumped off and walked upon the outward bound track he was not looking in the direction from which the freight train was coming but in the opposite direction. The engineer of the switching engine saw the danger of the deceased and called to him to look out. We assume in favor of the plaintiff that the deceased did not know when he jumped from the cab that the freight train was actually so near as to endanger him, or that it was so near that its approach had been seen or heard by others upon the cab, and that the work which he had to do made it right for him to leave the cab at the place where he jumped from it. But he must be held to have known that trains might at any time come upon the outward bound track from the direction from which the train which ran over him did come. His duty did not require him to walk upon that track. He might have remained in the space between the tracks or have gone upon the inward track after the passing of the cab. Whether he went at once upon the outward bound track after jumping and was at once run over by the freight train, or whether he walked upon that track until struck by a train which was in full view from where he was while it was passing some six hundred feet he could not be found to have been in the exercise of due care. He either stepped upon the track directly in front of the engine or walked upon the track without perceiving the train while it was approaching him from behind for a distance of several hundred feet. It was his duty to look out for himself while on the tracks, and even if the engine bell was not rung the noise of the train must have been enough to give him warning of its approach if he had been in the exercise of due care. The burden was upon the plaintiff to show due care by evidence from which it could be inferred reasonably, and for lack of such evidence it could not be inferred reasonably simply because the engine bell was not rung.

*Exceptions overruled.*