CHARLES D. DOLPHIN *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    December 11, 12, 1902. — January 9, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* In freight yard.

An experienced brakeman at work at night in a freight yard, who, after seeing a shifting engine on a track, starts to cross the track and does not look again to see whether the engine is moving or standing still, and then turning his back upon the engine is struck by one of two cars which the engine is backing into the freight yard, is not in the exercise of due care, and cannot recover for injuries so sustained.

TORT by a freight brakeman for injuries received while at work in the freight yard of the defendant at Taunton.   Writ dated February 4, 1898.

In the Superior Court *Sherman,* J. ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

*S. A. Fuller,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

LATHROP, J.   The accident for which the plaintiff seeks to recover damages occurred on March 12, 1897, at about ten o'clock in the evening, in the defendant's freight yard in Taunton.   The plaintiff had been in the employ of the Boston and Maine Railroad for a year as a freight brakeman, and had

been in the employ of the defendant for about two weeks before the accident, working at night in the same freight yard. This yard was situated just south of Danforth Street. On the westerly side there were two main lines running substantially north and south, and twelve side tracks radiating from them towards the east. There was a locomotive shifting engine there, and on the night of the accident it was employed in kicking freight cars on to the different tracks. When a car was kicked off it was the duty of a brakeman to get on the car and ride it down to the place where it was to be left, and then return to the engine for another car. Shortly before the injury to the plaintiff, he had ridden a car down the yard, and started to walk back. Part of the way he went straight back, and then started to walk in an easterly direction, across the tracks, for the purpose of reaching a path outside the tracks, where it was easier walking. As he started across, he noticed that the locomotive engine was on the Danforth Street crossing, but he did not stop to ascertain whether it was moving or standing still. On the way across he noticed a car which he thought had been left too near a switch, and he stopped to measure the distance, to see whether, if a car came on another track, there was room for it to go by. To ascertain this he stood with his back towards Danforth Street and stretched out his arm. He had just put himself in this position, when he was struck by one of two freight cars which were being backed into the freight yard by the shifting engine, at the usual rate of speed in the yard, namely, five or six miles an hour.

A freight yard is a dangerous place, where the men employed have in a great measure to look out for themselves. The plaintiff was an experienced brakeman, and, as he testified, he knew that he had to rely upon his eyes and his senses to ascertain when the cars were coming. He might have returned to Danforth Street by walking along the track over which he had come. Instead of this he chose to walk across the tracks, where he was exposed to danger at any moment. He saw the locomotive engine at Danforth Street when he started to cross the tracks, but did not look for it again. When he reached the place where he was soon afterwards struck, he turned his back to Danforth Street, the point from which

danger was most likely to come, and while so standing was injured.

Under these circumstances, we are of opinion that there was no evidence that the plaintiff was in the exercise of due care ; and that the judge rightly ordered a verdict for the defendant. *Lynch* v. *Boston & Albany Railroad*, 159 Mass. 536.   *Galvin* v. *Old Colony Railroad*, 162 Mass. 533.   *Tumalty* v. *New York*, *New Haven, & Hartford Railroad*, 170 Mass. 164.   *Aerkfetz* v. *Humphreys*, 145 U. S. 418.

This view of the case renders it unnecessary to decide whether there was any negligence on the part of the defendant, or whether the provision of the Pub. Sts. c. 112, § 170, (R. L. c. 111, § 200,) applies.

*Exceptions overruled.*