JOSEPH JUDGE *vs.* WILLIAM L. ELKINS & others, trustees.

Norfolk.    March 16, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

A workman who enters upon a bridge, which is the course of an electric coal car belonging to the coke works in which he is employed, and turning his back on the car proceeds to walk a distance of eight yards without looking to see whether the motorman is about to start the car, is not in the exercise of due care, and, if he is injured by being struck in the back by the car, cannot recover from his employer.

TORT under the employers' liability act for an injury alleged to have been caused by a defective warning bell on an electric coal car alleged to be part of the ways, works and machinery of the defendants' coke works at Everett.    Writ dated February 11, 1901.

At the trial in the Superior Court before *Sherman*, J., it appeared, that the plaintiff was walking upon the course of the car along a bridge which was the only way of proceeding to a water closet to which he was going, when the car struck him in the back.    The judge ordered a verdict for the defendants, and at the request of the plaintiff and by agreement of the parties reported the case for determination by this court.    If the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $1,750; otherwise, judgment was to be entered for the defendants.

*H. H. Baker*, (*H. M. Williams* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendants.

LATHROP, J.    We are of opinion in this case that on the evidence the plaintiff was not in the exercise of due care when he was struck by the electric car of the defendants.    Before going from the pathway to the bridge he could see the car standing there, and if he had looked he could not have failed to see the motorman getting ready to start.    He did not look but proceeded on his way, having about eight yards to go.    He knew that the car took up all the room between the sides of the bridge, and that if it started and overtook him he could do nothing to

avoid it, unless he got under the car, which ran on overhead rails. It was dangerous to do so, for he might be struck by one of the hoppers which came nearly to the surface of the ground. The car started soon after the plaintiff did, and came in contact with him. It could not have been going rapidly, for its rate at full speed was only three and a half miles an hour. The plaintiff testified that he did not see the car after he had started. He had worked near the place of the accident five or six months, and was entirely familiar with the place and the working of the car. While he had some reason to suppose that the car would not start so soon as it did, yet if he had looked when he came from the pathway on to the course of the car he could not have failed to see that the motorman was about to start. His not looking shows that he did not exercise due care, and the verdict ordered for the defendants was right. *Young* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 33. *Martyn* v. *New York & Boston Despatch Express Co.* 176 Mass. 401. *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416. *Tirrell* v. *New York, New Haven, & Hartford Railroad*, 180 Mass. 490.

*Judgment for the defendants.*