WILLIAM H. PRATT *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Bristol.   October 25, 1904. — November 21, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Railroad.*

One who is employed by a shipper to assist in putting merchandise into a freight
car on a spur track of a railroad, and in pushing the freight car to the place of
loading is struck and injured by another car started down a grade by a high
wind, the grade not being noticeable and not known to him, can be found to be
in the exercise of due care.

To leave an empty freight car with the brakes not set at the top of a down grade
on a spur track, on which it is the practice for shippers to move cars by hand,
can be found to be negligence on the part of a railroad company, for which it is
liable to the employee of a shipper who when pushing another car into the place
for loading is struck by the car first mentioned started down the grade by a
high wind; and in such a case it is no excuse for the railroad company that the
car with the brakes not set was held in place on the grade by the car below it,
which had its brakes set and which was moved by the employee of the shipper
after loosening its brakes, because such a moving of the supporting car ought to
have been foreseen.

TORT for personal injuries from being struck by an empty
freight car of the defendant.   Writ dated February 9, 1903.

In the Superior Court the case was tried before *Hitchcock,* J.
The following statement of the case giving in substance the
material evidence is taken from the opinion of the court:

The plaintiff was employed by one Porter, a shipper of mer-
chandise, to assist in loading box boards into a freight car on a
spur track of the defendant, at Tremont in this Commonwealth.
This spur track was used for loading freight cars, and abutted
upon an open space belonging to the defendant, devoted by it to
the deposit of goods to be loaded in such cars.   On saying that
he wished to move the two cars which were to be loaded to the
place where the box boards were, Porter was furnished by the
defendant with a bar with which to move the two cars.   While
the plaintiff, together with Porter and two other of Porter's
employees, was moving the car south, to be placed where the
boards were, another car came down upon the plaintiff without
warning.   It first was seen by one of the other employees, who

called to the plaintiff, but the car struck the plaintiff before he could get out of its way, while he was walking between the rails pushing against the bunter of the car which was being moved. The car which ran the plaintiff down was standing by itself, six to ten feet north of the car which the plaintiff was in the act of moving, before the moving of that car was begun.

It was in evidence that it was the practice for shippers to move cars to a place on this spur track convenient for loading the goods to be shipped. It also was in evidence that there was a grade in this spur track running toward the south; that it was a grade which no one would be likely to see unless looking for it; and that if the brakes were set on a freight car it could not be moved even by an iron bar down this grade. At the time of the accident there was a high wind from the north, and no engine, no employee of the defendant, or any one else, was near the car which ran the plaintiff down after it was left on the spur track earlier on the same day.

The presiding judge directed the jury to return a verdict for the defendant, and the case is here on an exception to that ruling.

*W. B. Perry, L. W. Jenney & G. H. Potter*, for the plaintiff.

*F. S. Hall & C. C. Hagerty*, for the defendant.

LORING, J. [After the above statement of the case.] The defendant seeks to support the ruling on two grounds : first, that there was no evidence of due care on the part of the plaintiff, and second, that the cause of the accident was on the evidence a matter of conjecture and no negligence on the defendant's part was shown.

But we are of opinion that these contentions cannot be maintained.

1. The place in question was not a railroad yard where cars were continually going back and forth. It was a single spur track, leading off the main line, devoted to loading freight cars, at what appears to be a small country station of the defendant's railroad, and at the time of the accident there was neither any employee of the railroad company nor any other person in the neighborhood. Under these circumstances the plaintiff was not as matter of law lacking in due care in walking between the rails while pushing the car in question to the place where it was

to be loaded at the invitation of the defendant. There was evidence that the plaintiff did not know that there was a grade in the track. For this reason the case does not come within such cases as *Jean* v. *Boston & Maine Railroad*, 181 Mass. 197; *Judge* v. *Elkins*, 183 Mass. 229; *Dyer* v. *Fitchburg Railroad*, 170 Mass. 148; *Dolphin* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 509; and also is to be distinguished from *Martyn* v. *New York & Boston Despatch Express Co.* 176 Mass. 401.

2. We are of opinion that the jury were warranted in inferring that the car which was left without the brake being set and which ran down upon the plaintiff was put in motion down the grade by the high wind which then was blowing. The case comes within such cases as *Cox* v. *Central Vermont Railroad*, 170 Mass. 129, and not within such cases as *Kendall* v. *Boston*, 118 Mass. 234, and *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572. We also are of opinion that to leave a car with the brakes not set, at the top of a down grade on a spur track on which it is the practice for shippers to move cars by hand, is an act of negligence. The only doubt we have had is this: The plaintiff testified that the brakes were set on the first car which Porter and his employees moved south on this spur track, that there were no brakes set on the second car brought down by them, and that Porter and his men let off the brakes on the first car when they brought it down. But if it be assumed that the setting of the brakes on the first car next to the grade was a sufficient protection against all the cars behind it running down the grade, the defendant knew that there was a grade at this point and it also knew the practice then existing for the local agent to leave it to shippers to move the cars to the desired place, and knowing this it was negligent to leave this car at the top of the grade with the brakes not set, as against a shipper or the employee of a shipper who, from ignorance of the existence of the grade, might move the first car and thus be exposed to the danger from which the plaintiff suffered.

*Exceptions sustained.*