MARY A. MEADOWCROFT *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.    October 23, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.    *Railroad.*

In an action against a railroad company by the widow of a train checker who was employed in a freight yard of the defendant for causing the death of the plaintiff's husband, who was killed instantly by three cars that were kicked down upon the track where he was at work, it could be found that the plaintiff's husband after dark in the performance of his duty was standing with a lantern on his arm on the middle track at a crossing, taking down with a pad and pencil the numbers of the cars on a train that was moving slowly past him, when the cars that struck and killed him came upon him without any warning or light and without any brakeman upon them. There was evidence tending to show that when cars were kicked down on a track in the yard it was customary to have a brakeman upon them, with a lantern if it was at night, to warn the checkers who were taking the numbers, and that such warnings usually were given. There also was evidence tending to show that cars sometimes were kicked down without any brakeman or light upon them, some witnesses testifying that this happened several times a day or night and others testifying that it did not occur very often, but it could have been found that if this was done it was contrary to the rules and that the person doing it was liable to a reprimand. *Held,* that the case properly was submitted to the jury, who were warranted in finding that the plaintiff's husband was in the exercise of due care and that his death was due to negligence on the part of the conductor in charge of the three cars in sending them down without a brakeman or a light upon them to warn the checkers.

MORTON, J.    This is an action of tort by the plaintiff as the widow of one William E. Meadowcroft who was instantly killed while at work in the defendant's yard at Fall River, to recover damages under the employers' liability act for the death of her husband.    There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the refusal of the judge to rule that the deceased was not in the exercise of due care, and to direct a verdict for the defendant.

We think that the ruling was right.    The deceased was a car checker, whose duty it was to take the numbers of the cars on freight trains.    The accident happened after dark on November 23, 1904.    The deceased, with a lantern on his arm and a pad and

pencil, was on the middle track at the Water Street crossing taking the numbers of cars on a train that was moving slowly toward the wharf, when, without any warning or light, and without any brakeman being upon them, three cars were kicked down on the track where the deceased was, and struck and killed him. We state the facts as the jury would have been warranted in finding them. There was testimony tending to show that, when cars were kicked down on a track in the yard, it was customary to have a brakeman upon them, with a lantern if it was night, so as to warn the checkers who were taking the numbers, and that such warning was usually given. There was also testimony tending to show that cars were sometimes kicked down without any brakeman or light upon them; some witnesses testifying that this happened several times a day or night, and others testifying that it did not occur very often. The jury could have found, however, that, if this was done, it was contrary to the rules, and that the person doing it was liable to a reprimand.

A railroad yard with numerous tracks, and with engines and trains and cars passing back and forth and from one track to another, is a place of danger, and the deceased must be held to have assumed the risks incident to his employment in such a place. But if it was customary to give warning of the approach of cars that were kicked down on a track where he or other checkers were at work, he had a right to rely upon such custom and to govern himself accordingly; and it was for the jury to say to what extent cars were kicked down without such warning and how far, if at all, such conduct affected the custom and the right of the deceased to rely upon it. Upon the evidence before them we think that the jury properly could find, as they must have found, that the deceased was in the exercise of due care, and that the accident was due to negligence on the part of the conductor in sending down the cars without a brakeman or light upon them to warn the checkers. *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379. *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532. *Maher* v. *Boston & Albany Railroad*, 158 Mass. 36. *Steffe* v. *Old Colony Railroad*, 156 Mass. 262. *Carroll* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 237. In the case of *Vecchioni* v. *New York Central &*

*Hudson River Railroad,* 191 Mass. 9, relied on with others by the defendant, the deceased had no right to rely upon any warning. The exceptions taken by the defendant in regard to matters of evidence have not been argued and we treat them as waived.

*Exceptions overruled.*

*F. S. Hall & C. C. Hagerty,* for the defendant.

*J. W. Cummings & C. R. Cummings,* for the plaintiff.