ALBERT BURKE *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    March 12, 13, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, SHELDON, & RUGG, JJ.

*Negligence.    Railroad.*

Whether a workman standing on a temporary staging erected by him and a fellow workman, who knows that the staging is so near a side track of a railroad that any car moving on the track must strike it and knows also that cars may be expected to pass along the track at any time, but takes no precaution to guard against being struck by a car and is injured by thus being struck, can be found to be in the exercise of due care, here was not considered, because in an action brought by him against the corporation operating the railroad for such injury it appeared that the defendant owed him no duty to provide for his safety while he was on the staging, which had been placed upon land of the defendant either without permission or under a mere license.

In an action by a workman, employed by a contractor to repair a door of a building built by a milk firm on land leased by them from a railroad company and adjoining a freight yard of the railroad company, against the railroad company, for personal injuries from being struck by a car of the defendant running on a

side track parallel to the side of the building and very near it, while the plaintiff and a fellow workman were working on a temporary staging which they had constructed on land of the defendant not leased to the milk firm, in order to get at the top of the door which they were to repair, it appeared that the defendant's servants had no knowledge of the erection of the staging, which was built so near the track that a car could not pass without striking it, that a part of the building was used in the milk business, in the course of which the milk firm had occasion regularly to receive into the building from cars on the side track freight brought over the defendant's railroad. There was evidence that the defendant's land adjacent to the leased lot had been used previously in repairing the building, but there was no evidence as to the extent of this use, or of any knowledge by the defendant's officers or agents that there had been any such use. The plaintiff argued that there was evidence of an implied invitation from the defendant to the plaintiff and his fellow workmen to place the staging where they did on the land of the defendant for the purpose of repairing the door of the building used by the milk firm under their lease in connection with transportation of their merchandise by the defendant. *Held,* that there was no evidence of such an implied invitation; that the plaintiff, if not a trespasser, was at most a mere licensee for whose safety it was not the duty of the defendant to provide while he was working on the staging; and that, there being no evidence of wanton or reckless conduct on the part of the defendant or its servants, a verdict should have been ordered for the defendant, even if the plaintiff was in the exercise of due care, which was not passed upon.

TORT by a workman in the employ of George F. Hadley, a contractor, against the Boston and Maine Railroad for personal injuries incurred in the manner described in the opinion on January 14, 1905, by being struck by a car of the defendant while the plaintiff was working upon a staging with one Ogden, a fellow workman, in hanging a door that was out of repair on a manure shed which was part of a building built by D. Whiting and Sons on land leased by them from the defendant and adjoining a freight yard of the defendant in that part of Boston called Charlestown, the staging having been placed by the plaintiff and Ogden on land of the defendant not leased to D. Whiting and Sons. Writ dated March 18, 1905.

In the Superior Court the case was tried before *Sherman,* J. The important facts are stated in the opinion. The plaintiff testified, among other things, that he did not think it was possible to have built the staging and to have done the work without having the staging so near the track as to be hit by a train; that it was necessary that there should be a staging; that the foreman of Hadley did not give any direction as to how to do the work, but left it entirely to the plaintiff and Ogden; that they were to make any arrangement that they saw fit in order

to make the staging or to do the work; that their work was to get at the door and to fix up the door. Ogden testified, among other things, that the yard in the vicinity of the building was used for a general freight business in connection with the milk business; that the track near the building was used by cars, from which pedlers got their milk; that this track was used, as well as other tracks, to deliver freight to the teams. Another witness for the plaintiff testified that he had worked for D. Whiting and Sons for three years, and that he had observed both milk and freight cars backing on to this track.

The judge refused to order a verdict for the defendant, and submitted the case to the jury, leaving it for them to say whether under the circumstances shown by the evidence there was an implied invitation from the defendant to the plaintiff and Ogden to construct the temporary staging on which they were working upon the defendant's land not leased to D. Whiting and Sons, instructing them that if they did not find such an invitation their verdict must be for the defendant.

The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions. It was agreed that if the judge should have ordered a verdict for the defendant judgment should be entered for the defendant. If the exceptions were overruled judgment was to be entered for the plaintiff on the verdict.

*F. N. Wier*, for the defendant.

*G. S. Harvey*, for the plaintiff.

KNOWLTON, C. J. The plaintiff was repairing a door of a building belonging to D. Whiting and Sons, standing on land leased to them for ten years by the defendant corporation. The building covered nearly all of the leased land, and the plaintiff with a fellow workman erected a staging by the use of a stepladder, a wooden horse and a plank, on other land of the defendant, for his convenience in doing the work. A side track of the defendant, nearly parallel to the line of this building, ran so near the staging that a car moving along it would strike the staging. The defendant's servants had no knowledge of the erection of the staging. While the plaintiff was working upon it, a moving car threw him down and caused an injury, on account of which he seeks to recover damages in this suit.

If the defendant had invited the owners of the building to use this land in making repáirs on that side of the building, it is very doubtful whether, on the evidence, the jury would have been warranted in finding that the plaintiff was in the exercise of due care in working without precautions upon a staging which he knew was in the line of passing cars that might be expected to come along the track at any time.   But it is unnecessary to consider this part of the case, for we are of opinion that the defendant owed him no duty other than that which it owes to every trespasser or mere licensee not to injure him recklessly or wantonly.   There is nothing to indicate wanton or reckless conduct on the part of the defendant or its servants.   The only question of any difficulty in the case is whether the plaintiff was there by the defendant's invitation.   Between the defendant and the owners of the building there was no contract, oral or written, as to the use of the land, except the lease of the lot on which the building stood.   There was testimony that the defendant's land adjacent to the leased lot had been used previously in repairing the building.   But there was no evidence of the extent of the use, or of knowledge by the defendant's officers or agents that there had been any such use.

The contention of the plaintiff on this part of the case is that a considerable part of this building was used in a milk business conducted by Whiting and Sons, in which they had occasion regularly to receive into the building freight over the defendant's railroad, from cars on the above mentioned track, and that therefore there was an implied invitation to Whiting and Sons to use land outside of the leased property, in keeping the building in repair.   It is argued that because the parties stood in the relation of consignor or consignee of property and carrier, and each had an interest in that part of this business which was done by the other, the defendant was so far a participant in the business of erecting and maintaining the building as, impliedly, to invite Whiting and Sons to use its land, outside of the leased portion, for the purpose of repairing the building.

This argument is not well founded.   The erection and maintenance of such a building may have been necessary or important to the successful prosecution of the milk business, and to the need of transportation for freight over the defendant's railroad,

just as the possession and maintenance of teams and the employment of men probably were necessary to the business of Whiting and Sons, and, indirectly, to the hiring of transportation for milk over the defendant's railroad.   But the defendant had no such direct relation to these departments of the milk business as to warrant an implication that it assumed obligations or volunteered assistance to Whiting and Sons in such matters.   So far as the use of the cars, or the tracks, or the land between the tracks and the building, by Whiting and Sons was incident to the convenient prosecution of the freighting business, in relation to which they made mutual contracts, there was an implied invitation to Whiting and Sons to use them.   *Turner* v. *Boston & Maine Railroad,* 158 Mass. 261.   *Pratt* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 5.   *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392.   But the lease of the land, the erection of the building and the maintenance and repair of it were all matters for the lessees to manage as they chose, in which the defendant had no direct interest, and in reference to which it stood in no relation of contract, express or implied.   From the relations of the respective parties to the business of carrying milk on the railroad there can be no implication of an invitation to Whiting and Sons to use the defendant's land in the repair of its building, erected for its own purposes, on land procured in the ordinary way.   In the view of the evidence most favorable to the plaintiff his rights on the defendant's land were only those of a licensee.   *Chenery* v. *Fitchburg Railroad,* 160 Mass. 211.   *Johnson* v. *Boston & Maine Railroad,* 125 Mass. 75.   *Redigan* v. *Boston & Maine Railroad,* 155 Mass. 44.

It follows that the defendant owed him no duty to provide for his safety while he was working on the staging.

*Judgment for the defendant.*