## ALLEN v. NEW YORK, N. H. & H. R. CO.

(Circuit Court of Appeals, First Circuit. December 13, 1909.)

No. 805.

1. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—STATUTE.

In an action by a servant for injuries under Rev. Laws Mass. c. 106, excluding the fellow servant rule and making the master liable where an employé is injured by another employé in charge of a locomotive engine or train, etc., provided the person injured was at the time in the exercise of due care, contributory negligence of the servant injured is a complete defense.

[Ed. Note—For other cases, see Master and Servant, Cent. Dig. § 670; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§ 240*)—INJURIES TO SERVANT—RAILROADS—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a car marker in a railroad yard, having had six years' experience, was injured by a standing car set in motion by a switching train, which was moving at an unusual and unreasonable rate of speed,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without any warning being given by the conductor or engineer. Plaintiff knew the train was switching in the yard, and spoke to the engineer several minutes before the injury, but did not look up to see where the train went, or make any other observation for his safety as he was taking the numbers of certain cars. If he had cast his head to one side for a moment, he could have determined whether anything was coming down the track toward him. *Held* that, under the law of Massachusetts, plaintiff was negligent, precluding a recovery under the fellow servant law (Rev. Laws Mass. c. 106).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 756; Dec. Dig. § 240.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by John S. Allen against the New York, New Haven & Hartford Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Daniel F. Gay (George A. Gaskill, on the brief), for plaintiff in error.
Frank W. Knowlton (Choate, Hall & Stewart, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In the court below a verdict was directed for the defendant upon the ground that the evidence was not such as to entitle the plaintiff to go to the jury upon the question of his due care.

We have had some difficulty in reaching a result in this case, but our conclusion is that the question involved is controlled by the Massachusetts decisions upon situations so nearly like the one here as to require them to be accepted as authoritative. The plaintiff invokes a statutory remedy under which the elements of his case are, in a sense, in derogation of the common law. The statute (chapter 106 of the Revised Laws of Massachusetts), as applied to a case like this, excludes the common-law fellow servant rule, and makes a defendant liable where an employé is injured through the negligence of another employé in charge or control, among other things, of a locomotive engine or train upon a railroad, provided the person injured was, at the time of the injury, in the exercise of due care. Thus it is that, although the statute, in a large sense, modifies the rigor of the common law, it was unquestionably intended that due care on the part of the person sustaining injury should remain an element of his case.

The plaintiff was a marker in a freight yard in Worcester, Massachusetts. While between the tracks in the act of taking numbers from a car, he was struck by a standing car set in motion by a shunting train, which was moving at an unusual and unreasonable rate of speed, and its approach was not signaled by either the engineer or the conductor. The circumstances of the case are such as entitle the plaintiff to recover, provided he was in the exercise of the due care contemplated by the statute. The plaintiff testified that he understood the situation was such that he was to look out for himself; that he had been work-

ing in the yard for six years; that he knew that they were shifting and switching, and knew how trains were made up and moved about, but did not look to see where they went; and that, under the circumstances leading up to the injury, if he had cast his head to one side for a moment he could have determined whether anything was coming down the track. He not only said that he did not look up, after seeing the engineer of the shunting train several minutes before the injury and speaking to him, but that he did not make the slightest effort to see what the engine and cars were doing.

While we do not find it necessary to accept the look and listen rule as arbitrarily controlling a case like this, where an employé is in the act of discharging his duties between railroad tracks in a freight yard, we do accept the fact of the failure to look and listen as a thing impressing itself very strongly upon the question of the plaintiff's due care, and as something to be considered with all the other circumstances surrounding the aggrieved party at the time of the injury. In some jurisdictions, in a case of negligent conduct of responsible agents, where the evidence tends to show that a plaintiff was surprised into the hurt by the sudden approach of a shunting train, which strikes and violently sets in motion an unbraked standing car, which injures him, the question whether plaintiff's due care was not one for the jury, under all the circumstances, might be a difficult one for a defendant. The Massachusetts cases, however, involving similar or analogous questions as to due care and contributory negligence, proceed upon the idea that, if the injured party had been reasonably alert, rather than wholly indifferent, or, in other words, in the exercise of some degree of care, rather than wholly negligent, he would not have been surprised, and would have avoided the danger, and that admitted failure on the part of the employé to do anything to safeguard himself in respect to surrounding dangers is conclusively persuasive and controlling upon the question of his want of due care, and that it therefore results as a matter of law that there is no question of fact left for the jury in that respect. It is quite possible that the local authorities are somewhat exceptional, in that they go further than the authorities of some other jurisdictions in the direction of holding the question of want of due care to be one of law under the given circumstances of a particular case; but we think the Massachusetts cases are so decisive and controlling upon this local quasi statutory question of the plaintiff's due care that we need not concern ourselves much, if at all, with outside authorities. Still, in the case of Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758, where the plaintiff admitted that he placed himself with his face away from the direction in which the cars were expected, and continued his work without turning to look, it is said that such indifference was negligent inattention; and, while that case was different from the one at bar, because there the train was running with usual slowness, while here it was running carelessly and dangerously, the court said that, if by any means negligence could be imputed to the defendant, even then the plaintiff by his indifference and negligent inattention contributed directly to the injury.

It is quite apparent that the Massachusetts cases go to the extent of holding, where an injured party admits that he knew he was in a field of danger, like that of a railroad yard where trains are broken up and the cars shifted about to different tracks, and that he gave not the slightest attention to the hazards or to the matter of his own safety, that he is not in a position to invoke the doctrine of surprise for the purpose of making the question of due care one of fact for the jury. It is to be supposed that this doctrine is held upon the idea that the relation of the parties and the nature and hazard of the service are such that the obligation rests upon the employé to give some attention to the matter of safeguarding himself from injury, and, if he fails to discharge that obligation, and pays not the slightest attention to the dangers that in legal effect his indifference and inattention contribute to the injury.

Basing the decision, as we do, upon local holdings in respect to similar and analogous situations, we have, as already observed, no occasion to deal with outside authorities, or to enter upon a general discussion of the circumstances (involving reliance upon the assumption that due care will be exercised by the employer and his responsible agents), under which the question of due care becomes one for the jury.

The following are some of the Massachusetts cases which bear upon the question before us: Lynch v. Boston & Albany Railroad Company, 159 Mass. 536, 34 N. E. 1072; Tumalty v. New York, New Haven & Hartford Railroad Company, 170 Mass. 164, 49 N. E. 85; Jean v. Boston & Maine Railroad, 181 Mass. 197, 63 N. E. 399; Morris v. Boston & Maine Railroad, 184 Mass. 368, 68 N. E. 680; Dolphin v. New York, New Haven & Hartford Railroad Company, 182 Mass. 509, 65 N. E. 820; Blute v. New York, New Haven & Hartford Railroad Company, 195 Mass. 395, 81 N. E. 188; Lizotte v. New York Central & Hudson River Railroad Company, 196 Mass. 519, 83 N. E. 362.

While a casual view of Meadowcroft v. New York, New Haven & Hartford Railroad Company, 193 Mass. 249, 79 N. E. 266, might suggest that case as one furnishing an exception from the rigor of the rule of the above authorities, and while the recent case of Berry v. New York Central & Hudson River Railroad Company, 202 Mass. 197, 88 N. E. 588, might be accepted as a measurable relaxation, a more careful examination discloses that neither of these cases has the element of the plaintiff's admission of inattention or clear and unmistakable evidence of indifference to danger.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.