## HORAN v. BOSTON & M. R. R.†

(Circuit Court of Appeals, First Circuit. December 12, 1910.)

No. 902.

RAILROADS (§ 327*)—INJURY TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

> Where a plaintiff, who was struck and injured by a railway train while walking diagonally across the track in the daytime at a place with which he was fully acquainted, by his own statement did not look for a train after he reached a point 15 feet from the track, he was chargeable with negligence which precludes his recovery from the company.

> [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1043–1056; Dec. Dig. § 327.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action at law by David Horan against the Boston & Maine Railroad. Judgment for defendant, and plaintiff brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 19, 1911.

John T. Hughes (John F. McGrath, on the brief), for plaintiff in error.

Archibald R. Tisdale, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case the Circuit Court directed the jury to return a verdict for the defendant. It is apparent that this course was pursued solely on the ground that the plaintiff was not in the exercise of due care. We think the court was unquestionably right, because it is clear, upon the plaintiff's own testimony, that he was indifferent to the dangerous situation in which he voluntarily placed himself.

It appears from the record that he was acquainted with the locality in question and had been for years. There is no contention that he was not in full possession of his faculties, and there is nothing in the circumstances, as explained, tending to show that he was deceived into thinking trains were not likely to be passing at the particular time when he walked upon the railroad track. It is not a case which turns upon the naked question whether the injured party looked and listened, or upon the question whether, if he had looked and listened once, he should have looked and listened again.

If the cut and the highway crossing, some distance to his left as he approached the railway crossing, at all obstructed the view, or if the running water deadened the sound of approaching trains, he was acquainted with that situation and should have acted with reference to it, but, instead of that, he at most, upon his own statement, looked and listened when about 15 feet from the track in question, and discovered a train going toward Portland, which was passing over the nearby trestle of another division of the defendant's railroad. At the same time he looked up the track over which he was to cross and discovered no train. He was then 15 feet from the track, and he did not look again, but walked diagonally across part of the street toward the track, and then, still without looking, diagonally across the track with his back toward the approaching train, and under such circumstances was struck and injured.

It was in July, and at about 8 o'clock in the evening, and it is, not contended that the plaintiff could not see.

Such indifference in a dangerous situation constitutes want of due care and is inexcusable, and will prevent recovery on the ground of contributory negligence, unless there is something in the alleged negligence of the railroad which misled the injured party or threw him off his guard in respect to the approaching dangers. We cannot see that there was anything in the alleged negligence of the railroad, that of unwarrantable speed, the lack of gate and flagman, which misled the plaintiff or would relieve him from the ordinary caution of giving heed to approaching trains while crossing or walking diagonally across its tracks.

The recent case of Boston & Maine Railroad v. McGrath, 179 Fed. 323, 102 C. C. A. 507, is to the point that, when an injured party gives no reasonable explanation of his failure to do what it is well

known that prudent men ordinarily do in situations of danger, he, in effect, admits his want of due care. See, also, Allen v. New York, New Haven & Hartford Co., 174 Fed. 779, 98 C. C. A. 253, which was a case not decided under the look and listen rule, but upon the theory that the plaintiff, upon his own statement, was indifferent and heedless with respect to the dangerous surroundings.

The judgment. of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.