J. C. McCABE, Appellant, v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, Appellee.

**RAILROADS:** Accidents on Tracks—Contributory Negligence. Contributory negligence results, as a matter of law, from the act of knowingly placing the foot of a ladder so close to the track of a railway that it will be hit by a passing train, and working thereon, with an unobstructed view of the track for three quarters of a mile, even though plaintiff testifies that he constantly looked and listened for approaching trains.

**NEGLIGENCE:** Last Clear Chance—Failure to Discover. The "last clear chance" doctrine has no application when the record affirmatively discloses that the peril of the injured party was never discovered until after the accident.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

MARCH 12, 1920.

ACTION for damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant. At the close of plaintiff's evidence, there was a directed verdict for the defendant.—*Affirmed.*

*H. P. Daly* and *C. C. Putnam,* for appellant.

*R. B. Alberson* and *Carr, Carr & Cox,* for appellee.

EVANS, J.—The accident happened in July, 1916. The place of the accident was at a point just west of Sixty-third

Street, Des Moines, such street being the western limit of the city. The plaintiff, at the time of the accident, was an employee of the Standard Oil Company. The Standard Oil Company had acquired a right, under a lease from the defendant company, to erect and maintain an oil supply station upon certain ground of the defendant company which was adjacent to its tracks. Pursuant to such lease, the supply station was constructed and equipped. The ground thus leased by the Standard Oil Company from the defendant was enclosed with a fence, and the structure of the oil company was all included within such enclosure. As a part of the equipment for unloading, two uprights, 6x6, were maintained, close to the fence. At the time of the accident, the plaintiff was engaged in painting these uprights, the taller one being 24 feet high. For the purpose of such work, the plaintiff used an extension ladder. In placing the same, he rested the foot thereof upon the ground outside of the fence, and upon the defendant's right of way, and within 16 or 18 inches of one of its tracks. In so placing the ladder, he admits that he knew that an engine passing over the tracks could not clear the ladder without striking it. He engaged in his work upon such ladder at a height of about 20 feet, and undertook to watch for the approaching trains. He testified that he looked for a train every five minutes, and that he looked more especially toward the east, as the direction from which a train was most likely to come. He had a clear view in that direction along the track for three quarters of a mile. While he was thus engaged at the top of the ladder, one of defendant's trains did come from the east, and did pass over this track, and thereby displaced the ladder, to the resulting injury of the plaintiff. This train was pulled by the switch engine, and comprised 17 cars, heavily loaded with sand and cement. It did not come rapidly nor suddenly. It stopped within a hundred feet of

1. RAILROADS: accidents on tracks: contributory negligence.

plaintiff's place of work. The stop. lasted for two minutes, during which the engine was cut off, and proceeded alone. The engineer was on the further side of his cab, and was taking his signals from the rear. The plaintiff testified that, though he was watching constantly for a train, he neither saw nor heard this train, and knew nothing of its approach until it displaced his ladder. On the other hand, none of the trainmen observed the plaintiff, nor did any of them know that his ladder was resting upon the railroad ground.

The argument for plaintiff is that the lease held by the Standard Oil Company required it to keep its supply house painted, and that, therefore, the plaintiff was performing for his employer the requirement imposed by the defendant upon its lessee. It is argued, therefore, that the defendant owed the plaintiff a duty of lookout and discovery. Wheth-er, if this premise were good, such conclusion would follow, we need not determine. The actual provisions of the lease thus relied on by plaintiff were as follows:

"All buildings and structures are to be 'constructed of such material and in such manner as to be satisfactory to lessor.'

"All buildings and the leased premises are to be kept in a neat and orderly condition; the *buildings* to be painted as often as necessary; the color to be designated by the lessor."

The plaintiff was not engaged in painting the buildings.

Such lease contained, also, the following provision:

"No building, structure or obstruction shall be erected or placed nearer than six (6) feet of the nearest rail of any track."

The fence line was six feet from the tracks. The. only reason the plaintiff had for putting the foot of his ladder against the defendant's railroad was that it was more convenient for him to do so than to place the same inside the fence. The ground inside the fence was more uneven than that outside. The ladder would thereby be rendered less

secure, unless it were lashed to the upright. He could have lashed the same, but this would have taken correspondingly increased time and trouble.

The argument of the plaintiff centers, in the main, upon two general propositions:

(1) That the question of his contributory negligence was for the jury.

(2) That the question of the negligence of the defendant under the doctrine of last clear chance was for the jury.

In proof of his own freedom from contributory negligence, he testified that he watched and listened constantly for an approaching train, and saw none. And yet the undisputed testimony of his own witnesses, even including himself, is that, if he had looked, he must have seen the train, and, if he had listened, he must have heard it. He argues that the trainmen could have seen him for a distance of three quarters of a mile, and that, therefore, the defendant is liable, under the doctrine of last clear chance. But he could have seen the train more readily than the trainmen could have seen him. If he had seen the train half a mile away, he would have known that he was in imminent danger. Without seeing the train, he knew every moment that he was in imminent danger; whereas, if the trainmen half a mile away had seen him, they would simply have seen him at work within the lines of the enclosure of the Standard Oil Company. They would not necessarily, or even probably, see that his ladder projected into the near vicinity of the track. His presence at such place, therefore, would not attract their observation, or disclose to them his peril. Indeed, his actual position in their line of vision was such as to negative any suggestion of peril. Only the discovery of the ladder itself and the extent of its encroachment upon the right of way could disclose to the trainmen the peril of plaintiff's position.

We have carefully read the evidence in the record, and

we find nothing in it which presents debatable ground. It is needless that we go into its many details. The salient and controlling facts are those already stated. The plaintiff placed his ladder intentionally, conscious, at the time, that he was placing an obstruction in the way of defendant's trains. It was a stealthy obstruction, in that it was not readily observable to trainmen. It was not only an act of trespass; it was reckless and foolhardy, as an act of negligence. It had not the excuse of an emergency. It was not even momentary, but was continued persistently, in the full consciousness of its foolhardy character. No just rule of law could be formulated to protect a man from folly so resolute.

A case of last clear chance is not presented. The evidence on behalf of plaintiff is direct and positive that the trainmen did not discover the plaintiff, nor the obstruction which he had placed. There is nothing in the circumstances that would warrant the jury to find the fact otherwise. The plaintiff himself was far enough away from the line of vision of a lookout on the engine. The ladder was a small one. As a visible object, it also was to one side of the track and of the line of vision. It was only at a point close to the ground that it became an obstruction to the passage of trains. The trial court properly sustained the motion to dismiss. Its order is, accordingly,—*Affirmed*.

2. NEGLIGENCE: last clear chance: failure to discover.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.