WILLIAM E. RAMSDELL *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.  January 30, 1890. — February 27, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Employers' Liability Act — Death of Employee
— Administrator's Right of Action.*

The employers' liability act (St. 1887, c. 270, § 1, cl. 3, and § 3) does not give the administrator of an employee a right of action against an employer for causing the employee's death, in addition to the right as legal representative to recover damages accruing to the intestate in his lifetime.

TORT by the administrator of the estate of one McGoldrick, for causing his death. The declaration, as amended, was as follows:

"And the plaintiff says that on the third day of January, 1889, his intestate received personal injuries, in consequence of which he died after a few hours; said personal injuries being received while his said intestate was in the defendant's employ, and engaged in the discharge of the usual duties of his employment upon the defendant's premises, at or upon 'the farm,' so called, in Boston, and in the exercise of due care, by reason of a defect, of which said intestate was ignorant, in the condition of said defendant's track, frogs, guard rails and switches, ways, works, and machinery, which defect arose from, and had not been discovered and remedied owing to, the negligence of the defendant, or of some person in the service of said defendant intrusted with the duty of seeing that such track, frogs, guard rails and switches, ways, works, and machinery were in proper condition. And further, that said injuries were caused by reason of the negligence of some person in the service of the defendant intrusted with and exercising superintendence, whose sole and principal duty was that of superintendence, the said intestate being at the time said accident happened in the exercise of due care, and being ignorant of the said negligence of such person. And further, that said injuries were caused by reason of the negligence of some person in the service of the defendant who had charge or control of a signal, switch, locomotive engine, or train, on the said defendant's railroad, the said intestate being at the time said injury happened in the exercise of due care, and being ignorant of the said negligence of such person. And the plaintiff further says, that he has duly given the defendant written notice of the time, place, and cause of said injury. And the plaintiff further says, that he brings this action under the provisions of chapter 270 of the Acts of 1887, to recover compensation for the death of the said intestate, and not for his suffering."

The defendant demurred to the declaration, on the ground that it did not set forth a legal cause of action. The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

*C. G. Fall & G. D. Burrage,* for the plaintiff.

*H. E. Bolles & R. M. Saltonstall,* for the defendant.

KNOWLTON, J. The plaintiff sues as administrator, and expressly states in his declaration that he brings this action " under the provisions of chapter 270 of the Acts of 1887,* to recover compensation for the death of the said intestate, and not for his suffering." We are thus brought directly to the question, whether this statute, commonly called the employers' liability act, gives an administrator a right of action on account of the death of his intestate, in addition to his right, as legal representative, to recover the damages which accrued to the intestate in his lifetime.

Clause 3 of § 1 of the statute provides that, where an employee is injured from either of the causes previously named, " the employee, or, in case the injury results in death, the legal representatives of such employee, shall have the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer, nor engaged in its work." This plainly authorizes

---

* The first three sections of this statute are as follows.

" Section 1. Where, after the passage of this act, personal injury is caused to an employee, who is himself in the exercise of due care and diligence at the time :

" 1. By reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition ; or

" 2. By reason of the negligence of any person in the service of the employer, intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence.

" 3. By reason of the negligence of any person in the service of the employer who has the charge or control of any signal, switch, locomotive engine, or train upon a railroad, the employee, or, in case the injury results in death, the legal representatives of such employee, shall have the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer, nor engaged in its work.

" Section 2. Where an employee is instantly killed, or dies without conscious suffering, as the result of the negligence of an employer, or of the negligence of any person for whose negligence the employer is liable under

an executor or administrator to proceed in the right of his testator or intestate, and recover all damages which the deceased person suffered to the time of his death. It does not purport to make the death a substantive cause of action. It gives only " the right of compensation and remedies," and it gives them to the employee, or to his legal representatives in case of his death. It implies that his representatives are merely to succeed to his rights and remedies. But the law recognizes no " right of compensation " for the death of a person, and gives to a deceased person no remedies founded on his death. There are a few cases in which remedies are given by indictment, or to an executor or administrator for the benefit of relatives, where death has been caused by the fault of another, such as the negligence of a railroad corporation or other common carrier of passengers, or the neglect of one whose duty it is to keep a way in repair. Pub. Sts. c. 112, § 212 ; St. 1883, c. 243 ; Pub. Sts. c. 73, § 6 ; c. 52, § 17. These remedies are not general, but are strictly limited by statute. Most of them are of a kind to which the statute which we are considering could not apply. Moreover, when they exist, they are given where death is instantaneous, or without conscious suffering, and also where it is not. *Common-*

---

the provisions of this act, the widow of the deceased, or, in case there is no widow, the next of kin, provided that such next of kin were at the time of the death of such employee dependent upon the wages of such employee for support, may maintain an action for damages therefor, and may recover in the same manner, to the same extent, as if the death of the deceased had not been instantaneous, or as if the deceased had consciously suffered.

" Section 3. The amount of compensation receivable under this act in cases of personal injury shall not exceed the sum of four thousand dollars. In case of death, compensation in lieu thereof may be recovered in not less than five hundred and not more than five thousand dollars, to be assessed with reference to the degree of culpability of the employer herein, or the person for whose negligence he is made liable ; and no action for the recovery of compensation for injury or death under this act shall be maintained, unless notice of the time, place, and cause of the injury is given to the employer within thirty days, and the action is commenced within one year from the occurrence of the accident causing the injury or death. But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury: *provided*, it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

*wealth* v. *Metropolitan Railroad,* 107 Mass. 236.  If this clause gave a right of action for the death of an employee as an extension to his representatives of a right which under one or two statutes belongs to the representatives of others who are not employees, it would necessarily include the right where death is instantaneous.  But manifestly that was not intended.  The next section of the statute (§ 2) deals expressly with such cases in a different way.  It is quite apparent that clause 3 of § 1 gives the legal representatives of a deceased employee merely a right to recover the damages to which he was entitled at the time of his death.  This is conceded by the plaintiff in his argument.

Section 2 relates to cases "where an employee is instantly killed, or dies without conscious suffering," and in such cases gives a right of action to his widow, or, if there is no widow and there are next of kin dependent on his wages for support, then to such next of kin.  These two are the only sections of the statute which give to anybody a right to sue.  Section 3 relates to the amount of compensation, and to the notice to be given as a condition precedent to the maintenance of a suit.  The damages to be assessed under this section, in case of death, are those to be recovered by the widow or next of kin in a suit brought under § 2.

The expression " compensation in lieu thereof " does not very aptly characterize the recovery authorized ; for there is no mode of estimating " compensation " for the death of a man, and the amount to be recovered is required to be assessed with reference to the degree of culpability of the employer.  So, too, the words in § 2 which state that the recovery by the widow or next of kin shall be " in the same manner, to the same extent, as if the death of the deceased had not been instantaneous, or as if the deceased had consciously suffered," can hardly be used with literal accuracy, for there was no law under which a widow or next of kin could recover at all for the death of the husband or relative until this statute was passed.  The meaning obviously is, that the right of action given in the first part of the section shall not be affected by the fact that the deceased died instantaneously, or without conscious suffering.  The words last quoted cannot point to a standard for the measurement of damages.  No

such standard exists under the circumstances and conditions to which they profess to refer.

Section 1 of the statute is to be construed as giving a right of action to the employee, or, in case of his death, to his legal representatives suing in his right; § 2, as giving a right of action to the widow or next of kin, without indicating anything as to the mode of assessing damages; and § 3, as settling the amount to be recovered, first in cases under § 1, and secondly in cases under § 2.          *Judgment affirmed.*