## ELLEN DACEY *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.    October 31, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Loss of Life — Negligence of Railroad — " Train " — Employers' Liability Act.*

In an action against a railroad company for personal injuries occasioned to an employee by being crushed between a moving car and a car left standing on another track so near as to leave but five inches between them, it is a question of fact for the jury whether it is negligence for its employees thus to leave a car standing; and if such negligence is found, the act of so leaving it will, in the absence of any other intervening cause, be deemed the proximate cause of the injury.

A locomotive and one or more cars, connected together and run upon a railroad, constitute a "train," within the St. of 1887, c 270, § 1, cl. 3, giving a right of action against an employer for personal injuries caused by the negligence of an employee in charge of a " locomotive engine or train upon a railroad."

In an action, under the St. of 1887, c. 270, § 1, cl. 3, against a railroad company for personal injuries sustained by a brakeman by being crushed between a moving car and a stationary car so near it on another track as to leave a space of less than five inches between them, there was evidence that freight cars were distributed and made up into trains in an extensive freight yard of the defendant by a day gang and a night gang, each having a conductor and a switching engine; that the injured brakeman belonged to the night gang, and was assisting when injured in making up a freight train to which the moving car was attached; that the night was dark, and he attempted to get upon the moving car in the usual manner of brakemen; and that the day gang had during the afternoon placed cars upon the track where the stationary car was.    *Held*, that whether the stationary car was left where it was through the negligence of a

person in charge of a train, and whether the brakeman was in the exercise of due care, were for the jury.

Since the passage of the St. of 1887, c. 270, § 2, as well as before, an action cannot be maintained, under the Pub. Sts. c. 112, § 212, as amended by the St. of 1883, c. 43, for the death of an employee caused by the negligence of a fellow servant.

TWO ACTIONS OF TORT, by the administratrix of the estate of John H. Dacey.

THE FIRST CASE was brought under the St. of 1887, c. 270, § 1, cl. 3, to recover for personal injuries occasioned to the intestate, who was employed by the defendant, while he was in the exercise of due care, through the alleged negligence of a person in the service of the defendant, who had charge of a locomotive engine or train upon its railroad, in leaving a car standing so near a moving train which the intestate was getting upon that there was not sufficient room for his body to pass.

At the trial in the Superior Court, before *Hammond,* J., there was evidence tending to show that the intestate was employed by the railroad company as a brakeman ; that on the evening of December 10, 1888, he was at work, as he had been for six or eight months, as one of the night switching gang in the defendant's freight yard in Taunton ; that this gang was composed of a conductor and several men and went to work at six o'clock P. M., its duties consisting in making up freight trains with the aid of a switching engine ; that this yard was an extensive one, and cars came into it from different railroads all over the country, and were there distributed and made up into freight trains ; that this evening was so dark that one could not see a car's length ahead ; that there were thirteen tracks in the freight yard, of which tracks numbered 3 and 4 were $6\frac{97}{100}$ feet apart, and after running parallel for some distance converged and came together ; that about ten o'clock the switching engine and several cars already attached to it backed down upon track number 3 for the purpose of getting and hauling out a refrigerator car standing on that track ; that at the time a freight car stood on track number 4 so near the junction of the tracks as to leave a space between it and a car of the size of the refrigerator car when passing on track number 3 of but four and three quarters inches ; that after the refrigerator car was attached and the train was ready to start, the intestate stood on the right hand side of the train in the usual

place for the brakeman to stand in the night-time for signalling; that neither he nor any of the crew observed the position of the freight car on track number 4; that as the train started, the conductor and another brakeman, both near the rear end of the train, got upon the refrigerator car as it passed them; and that, when this car reached the intestate, he attempted to get upon it in the usual way in which brakemen ordinarily board trains, and in so doing was crushed between the refrigerator car and the car standing on track number 4, receiving injuries which resulted in his death at about two o'clock the next morning.

There was also evidence that the yard was very full of cars that night, and had been so for several weeks; that at a quarter to five o'clock of the preceding afternoon the freight car was not standing on track number 4 where it stood at the time of the accident; and that the day switching gang, which performed duties similar to those of the night gang, under the direction of one Lapham, who was the conductor of the gang, had been engaged during the afternoon between five and six o'clock, just before the night gang went to work, in placing cars on tracks numbered 3 and 4. No witness testified that he saw the freight car placed where it was.

The judge, at the request of the defendant, ruled, as matter of law, that the evidence would not warrant a verdict for the plaintiff, and reported the case for the determination of this court. If the ruling was wrong, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict.

*F. V. Fuller*, for the plaintiff.

*J. H. Benton, Jr. & F. S. Hall*, for the defendant.

KNOWLTON, J. In this case the plaintiff contends that her intestate, John H. Dacey, while in the exercise of due care, was injured by reason of the negligence of some person who had charge or control of a locomotive engine or train upon the defendant's railroad. The suit is brought under the employers' liability act (St. 1887, c. 270), which gives a right of action in certain cases for a personal injury caused by " the negligence of any person in the service of the employer who has the charge or control of any . . . locomotive engine or train upon a railroad." There is no dispute that the plaintiff's intestate was injured, while attempting to get on a moving freight train, by

coming in contact with a freight car on another track, which was left so near the track on which the train was moving as to leave a space of less than five inches between it and the passing car.

The first question is whether it was negligence for an employee of the railroad company to leave a car in the freight yard so near the point where the tracks came together, with so narrow a space between it and the track beside it. In view of the use to which the freight yard was accustomed to be put in making up trains and receiving cars from incoming trains, and the dangers attendant on moving cars and making up trains in the night-time with a car standing in this place, we think this was a proper question for the jury. We cannot say, as matter of law, that it was or was not a negligent act to leave the car in that position.

No witness saw the car when it was put there, and it is necessary to consider whether there was evidence that it was left by a person in charge or control of a locomotive engine or train upon the railroad. From the testimony as to the extent of the yard and the way in which it was used, and as to the persons who were accustomed to work there and the nature of their employment, we think the jury might well have inferred that the car was put in its position either by the person in charge of an incoming train, or by Lapham, who was the conductor in charge of the switching engine which was used in switching cars during the day. The evidence fairly indicated, although it did not expressly show, that a locomotive was used to move the car, — either the locomotive which brought in the train on which the car was, or that used for switching. We think a locomotive and one or more cars connected together and run upon a railroad constitute a train within the meaning of that word as used in the statute. If there was negligence in leaving the car where it stood, the jury might have found that it was the negligence of the person in charge of the train of which the car was a part when it was left, even if this car and the switching engine constituted the entire train.

If the act was negligent, it was because the position of the car created an unnecessary liability to accident ; and if an accident such as might have been anticipated happened from this cause, it might properly have been found to have been by reason of the negligence of the person who left the car there. In such a case,

in the absence of any other intervening cause, the act of leaving it would be deemed the proximate cause of the accident.

It was also a question of fact, upon which there was evidence for the plaintiff, whether the plaintiff's intestate was in the exercise of due care in attempting to get upon the car as he did; and we are of opinion that upon all of these questions the case should have been submitted to the jury.        *Verdict set aside.*

THE SECOND CASE was for causing the death of the intestate. The declaration was as follows:

" The plaintiff says that she is the administratrix of the goods and estate of John H. Dacey, late of Taunton, who was prior to and on December 10, 1888, an employee of the defendant corporation; that while said intestate was in the exercise of due care, by reason of the negligence and carelessness of said defendant, who is a railroad corporation operating a railroad in Taunton, and by the unfitness, gross negligence, and carelessness of its servants or agents, while engaged in the defendant's business, his life was lost in the following manner. That on December 10, 1888, at about ten o'clock P. M., while engaged in the defendant's employ as a brakeman on the night shifter, so called, in the freight yard of the defendant at Taunton, while said John H. Dacey was getting on to one of the freight cars in the performance of his duty, then moving, he was by reason of an insufficient space, negligently permitted or caused by the negligence of the defendant or its servants between said car and a stationary train of cars, crushed, injured, and mangled so severely that about two o'clock in the morning of December 11, 1888, he died. And the plaintiff further says that she brings this action for the benefit of the next of kin, and that she brings this suit and relies upon the following acts of the Legislature as the ground thereof: Pub. Statutes, c. 112, § 212, and chapter 243 of the Acts of 1883 in amendment thereof."

At the trial in the Superior Court, *Sherman*, J., ruled, upon substantially the same evidence as in the first case, that the plaintiff could not recover, and reported the case for the determination of this court. If the ruling was wrong, the verdict was to be set aside, and a new trial ordered; otherwise, judgment was to be entered on the verdict.

This case was argued by the same counsel as the first case.

KNOWLTON, J.    This case is brought under the provisions of the Pub. Sts. c. 112, § 212, and the St. of 1883, c. 243, amendatory thereof.    The first of these statutes provided a remedy against a corporation where the life of a passenger, or of a person who is in the exercise of due diligence and not a passenger or in the employment of the corporation, is lost by reason of its negligence, or the unfitness or gross negligence of its servants or agents.    This statute is amended by the St. of 1883, c. 243, by adding the words "and if an employee of such corporation being in the exercise of due care is killed under such circumstances as would have entitled the deceased to maintain an action for damages against such corporation if death had not resulted, the corporation shall be liable in the same manner, and to the same extent, as it would have been if the deceased had not been an employee."

The plaintiff's intestate was an employee of the defendant, and there is no evidence of negligence of the corporation, or of any one else except the fellow servants of the person injured. If the plaintiff's intestate had survived, he could not have maintained an action for his injury.    The purpose of the statute is to permit the administrator to maintain an action for the death when the intestate could have maintained an action if he had recovered, and not otherwise.    When his action would have been defeated by the defence of common employment if he had sued, the action of his administrator will be barred in the same way in a suit brought on account of his death.    This seems the only reasonable interpretation of the statute.

The plaintiff contends that she can avail herself of the provisions of the employers' liability act (St. 1887, c. 270), which enables an injured employee to recover where the injury was caused by the negligence of a person in charge of a locomotive engine or train upon a railroad of the employer.    In the first place, her declaration does not contain the allegations necessary to bring the case within this statute.    But we are of opinion that her claim must be rejected on broader grounds.    Section 2 of this statute gives a right of action to the widow or next of kin where an employee is instantly killed, or dies without conscious suffering, under such circumstances as would have created a lia-

bility in his favor under the act if he had survived.   The provisions of this section would be inconsistent with those of the St. of 1883, c. 243, if that were held to include cases where the deceased might have maintained an action under the employers' liability act if death had not resulted.   It could not have been intended that, where an employee is instantly killed or dies without conscious suffering, the widow or next of kin shall have a right of action for the death under the employers' liability act, and that the administrator also, by virtue of the same statute, shall be enabled to maintain an action for the death which could not otherwise be maintained under the St. of 1883.   We are of opinion that the St. of 1887, c. 270, cannot be invoked to relieve a case brought under the St. of 1883, c. 243, from the defence that the injury was caused by the negligence of a fellow servant. Section 2 of the first mentioned statute, which gives a remedy to the widow or next of kin, instead of to the administrator, where death results without conscious suffering, must be held to be exclusive as to cases of death where the aid of the statute is invoked.   See *Ramsdell* v. *New York & New England Railroad*, 151 Mass. 245.

We are of opinion that since the passage of this statute, as well as before, no action can be maintained under the Pub. Sts. c. 112, § 212, as amended by the St. of 1883, c. 243, where the death of an employee was caused by the negligence of a fellow servant.                                   *Judgment on the verdict.*