WILLIS M. CLARK, administrator, *vs.* NEW YORK, PROVIDENCE, AND BOSTON RAILROAD COMPANY.

Worcester.    October 2, 1893. — October 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Loss of Life — Railroad — Statute — Action.*

The combined effect of Pub. Sts. c. 112, § 212, as amended by St. 1883, c. 243, and of the employers' liability act, St. 1887, c. 270, does not give to an administrator a right of action against a railroad corporation for the death of his intestate, caused, while in its employ, by the negligence of a fellow servant, where the death resulted without conscious suffering, and where there is no widow and no dependent next of kin.

TORT.    The declaration, as amended, was as follows:

" And the plaintiff further says, that on the twenty-fifth day of March, A. D. 1891, at Worcester, the plaintiff's intestate, being in the employment of the defendant railroad, was engaged in the line of his duty in the freight yard of the defendant railroad as a freight hand in making up a freight train, and that he had stepped in to couple two slowly moving cars to the nearer of two or more stationary cars, and that by reason of the gross negligence of a person in charge of the gang of switchmen in the service of said railroad, intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence, certain other cars were negligently and carelessly moved against the said stationary cars, with such force as to cause them to strike the said plaintiff's intestate, knock him off his feet, and throw him down in front of the moving cars, by which he was run over and severely injured ; that as a result of such injuries said intestate languished and languishing died, without however consciously suffering.    That

due notice of said accident and death was given said defendant; that said plaintiff's intestate, an employee as aforesaid, being in the exercise of due care, was as aforesaid killed under such circumstances as would have entitled the deceased to have maintained an action for damages against such defendant corporation if death had not resulted. That said intestate was an unmarried man, and his next of kin, in whose behalf this suit is brought, were not at the time of the death dependent upon said intestate's wages for their support. Whereupon a cause of action has accrued to the plaintiff under the statutes for the benefit of the next of kin of the said intestate named in said writ.

" And the plaintiff further says, that on the twenty-fifth day of March, A. D. 1891, at Worcester aforesaid, the plaintiff's intestate, being in the employment of the defendant railroad, was engaged in the line of his duty in the freight yard of the defendant railroad as a freight hand in making up a freight train, and that he had stepped in to couple two slowly moving cars to the nearer of the two more stationary cars, and that by reason of the gross negligence of a person in the service of the defendant corporation, who had the charge and control of the signals, switches, locomotive engines or trains upon said railroad, certain other cars were negligently and carelessly moved against the said stationary cars, with such force as to cause them to strike the plaintiff's intestate, and knock him down in front of the moving cars, by which he was run over and severely injured; that, as a result of such injuries, said intestate languished and languishing died, without however consciously suffering. That due notice of said accident and death was given said defendant; that said plaintiff's intestate, an employee as aforesaid, being in the exercise of due care, was as aforesaid killed under such circumstances as would have entitled the deceased to have maintained an action for damages against such defendant corporation, if death had not resulted. That said intestate was an unmarried man, and his next of kin, in whose behalf this suit was brought, were not, at the time of the death, dependent upon said intestate's wages for their support. Whereupon a cause of action has accrued to the plaintiff under the statutes for the benefit of the next of kin of the said intestate named in said writ."

The defendant demurred to the amended declaration, and assigned the following grounds of demurrer:

" 1. In the declaration, as amended, the cause of action now appears to be for the death of an employee, but not for conscious suffering, and for that cause of action the plaintiff as administrator cannot maintain this action under the employers' liability act.   2. The next of kin cannot maintain the action under the employers' liability act, because they do not appear to be dependent upon the wages of the plaintiff's intestate for support.   3. The action cannot be maintained under either count, under the Pub. Sts. c. 112, § 212, as amended by the St. of 1883, c. 243, for that it appears that the accident and injury occurred through the negligence of a fellow servant.   4. The action cannot be maintained by the combined provisions of the employers' liability act and the Pub. Sts. c. 112, § 212, as amended by the St. of 1883.   5. The action is not maintainable under the provisions of either statute, and the two causes of action are improperly joined in both counts in said declaration."

In the Superior Court the demurrer was sustained ; and the plaintiff appealed to this court.

*F. B. Smith,* for the plaintiff.

*W. A. Gile,* for the defendant.

ALLEN, J.   The plaintiff concedes that he cannot maintain an action under Pub. Sts. c. 112, § 212, amended by St. 1883, c. 243, because the negligence set forth was only that of a fellow servant of the plaintiff's intestate, and his intestate, if he had survived, could not have maintained an action.   *Dacey* v. *Old Colony Railroad,* 153 Mass. 112, 117.

It is also plain that no recovery could be had by the present plaintiff as administrator under the employers' liability act, St. 1887, c. 270, because where, as in this case, death resulted without conscious suffering, the only action that can be maintained is in the name of the widow or dependent next of kin. *Ramsdell* v. *New York & New England Railroad,* 151 Mass. 245.

But the plaintiff contends that the combined effect of both statutes is to give an action to the administrator, free from the defence arising out of the relation of fellow servants, in a case where death has resulted without conscious suffering, and where there is no widow nor dependent next of kin.   We do not think

so. The rights of action, in addition to those already existing, which are given by the employers' liability act, are limited to the cases specified in that act. *Dacey* v. *Old Colony Railroad*, 153 Mass. 112, 118. *Judgment affirmed.*