JAMES CANNON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. November 16, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Railroad.*

An experienced section hand, engaged in tamping ties on one of four parallel tracks of a railroad where trains are running at frequent intervals, who, when the smoke from a locomotive engine passing upon a parallel track has obscured the tracks for a considerable distance, is apprehensive of danger and stands in the middle of a track looking toward a station from which a train must come and is struck by a train which suddenly emerges from the smoke, is not in the exercise of due care. Under such circumstances common prudence requires him to stand by the side of the track and wait there for the smoke to lift.

TORT, under the employers' liability act, by a section hand for personal injuries sustained while working on one of four parallel tracks of the defendant about three hundred and eighty yards from the station of the defendant called Boylston Street. Writ dated May 12, 1903.

In the Superior Court *Holmes*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*T. J. Ahern*, for the plaintiff.

*J. L. Hall*, for the defendant, was not called upon.

BRALEY, J.   Irrespective of any inquiry as to the defendant's negligence, unless it is shown that the plaintiff was in the exercise of due care at the time of the accident he cannot recover. From the material and undisputed evidence given by him, it appears that when injured he had been engaged in working on that section for the defendant or its predecessor in the ownership or control of the railroad for thirty-six years, and was thoroughly familiar with the number and location of the tracks, and the running of trains.   Upon the morning of the injury he had been engaged in tamping ties, and necessarily was prevented from performing continuous work, as he would not only be obliged to stop and wait for trains to pass, but must look out for their approach.   These conditions of which he had full knowledge were obvious, and by reason of his long experience the plaintiff must be held to have appreciated and understood if he neglected to watch for passing trains there was imminent danger of physical injury.   The very nature of the service implied that he was expected and permitted to perform his work in his own way, using reasonable delays to guard against perils to which otherwise he would be exposed.   At the time of the accident smoke from a locomotive engine passing upon a parallel track had so obscured for a considerable distance the track where the plaintiff was at work, that when looking in the direction of the station from which it must come he could not see an approaching train.   Being apprehensive, however, of such a danger, he stood in the middle of the track looking towards the station when suddenly a train emerged from the smoke, and he was struck. In explanation of his conduct he stated that the smoke was so dense that he could see but a short distance, when because of this obstruction his view of a coming train would be cut off. But to stand deliberately in the middle of the track, and expose himself to a manifest danger, as at any moment a train might be expected, rather than to remain in safety on the side of the track, and there wait for the smoke to lift, evinces such a plain disregard of common prudence as to constitute contributory negligence.   Coombs v. Fitchburg Railroad, 156 Mass. 200.   Content v. New York, New Haven, & Hartford Railroad, 165 Mass. 267. Dyer v. Fitchburg Railroad, 170 Mass. 148.

*Exceptions overruled.*