ANNIE T. LYNCH, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    November 12, 1908. — January 5, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability, Railroad.

One employed by a railroad corporation as a sealer of freight cars in a freight house, who in the ordinary course of his employment is standing on a ladder which rests on a narrow space between two railroad tracks, engaged in sealing the door of a car on one of the tracks, where a car cannot pass on the other track without hitting the ladder, and is thrown down and injured by reason of the ladder's being knocked from under him by a switching engine running in on the other track, cannot recover from his employer for his injuries thus caused, the risk of such an accident being an obvious one assumed by him by continuing in his employment after its circumstances were known to him.

BRALEY, J.    This is an action of tort at common law to recover damages for the conscious suffering of the plaintiff's intestate from injuries alleged to have been caused by the defendant's negligence, and from which he shortly after died. In the Superior Court at the close of the evidence for the plaintiff, upon

the request of the defendant, a verdict was ordered in its favor, and the case is here on the plaintiff's exceptions.   The evidence, which must be taken as true, showed that at the time of the accident the decedent was employed as a sealer of freight cars in the "freight house."   This house was a long covered building with a way or street on one side for the use of teams, and an entrance at the westerly end through which two tracks entered from the adjoining yard at a grade which brought the floor of the cars level with the platform of the house, where the freight was received and delivered.   The track nearest the platform was known as "the house or first track," and terminated within the building, while the other referred to as the "back track" was connected with the other tracks in the yard, and ran through to the dock.   In handling freight the merchandise was loaded either from the platform directly into the cars on the first track, or when necessary into cars on the back track by means of bridges placed between the car doorways, and as required the cars were moved into position by switching engines, each in charge of a "switching crew of six men," but they ran irregularly, as the time of their entrance was determined by the assistant yard master.   After being loaded, the doors of each car had a seal put on, and then the train was taken out, and empty cars run in to take their places.   In sealing the doors next to the back track the sealer used a ladder, which rested in the space between the tracks, the width of which does not appear, but is described as being so narrow that "there was just space enough to go by between the two tracks" or, as stated by one witness, "you couldn't put the ladder against the car on the front track without having the foot in such relation to the train on the other track, that if there was any motion of the train on that track, it would be liable to knock down the ladder."   There was evidence that the house was somewhat dark, being lighted in the daytime only by the doorways on the street side and the open ends, and that, by reason of the curvature of the tracks, the decedent from the position where he was at work could not see approaching cars until they arrived at the westerly entrance. Before running cars or engines over the back track it had been customary for either the brakeman or the "yard man" to warn him of their approach.   In the uncontradicted answer of the

president of the defendant to the interrogatories propounded by the plaintiff, which she introduced in evidence, it was stated that there was no rule of the railroad requiring a warning to be given, and, " that the practice was, for employees working about the cars or tracks in the car house, to look out for their own safety as being the most appropriate means to avoid danger, considering the variety or character of the work . . ." It also was undisputed that for some two years before he was injured, the plaintiff's testator had been employed by the defendant, either to truck freight or as a sealer, and was familiar with the arrangement of the tracks, the making up of trains and movements of cars and of switching engines in and through the freight house. From his declarations, which were put in evidence, it could have been found, that, while he was standing on a ladder resting on the space between the tracks engaged in sealing the door of a car on the first track, a switching engine, without any warning having been given, and whose entrance and approach he did not observe, ran in on the back track, and by striking the ladder caused him to fall to the ground, over which he was dragged for some distance receiving the injuries for which damages are sought.

We are of opinion that under these conditions the plaintiff cannot recover.

There is no evidence of any defect in the ways or instrumentalities used, and in the general management of its road the defendant had the right to construct and equip its freight house and to conduct its business in the manner described.

It is not contended that the decedent was not possessed of ordinary powers of observation sufficient to enable him in the light of his experience to understand and fully appreciate the dangers incidental to the environment in which he was employed. The peculiar perils to which he was exposed in sealing cars on the first track, whether arising from insufficient light or the passing of cars or engines, were not only obvious but must have been known to him, and he also knew or ought to have known that, if his fellow servants negligently failed to give warning of an approaching car or engine, he was exposed to great danger as they passed, on account of the probability of their coming into contact with the ladder on which he must

stand while at work. By continuing in his employment under these circumstances he must be held to have taken the chance of any injury which might follow if he failed to take ordinary precaution to guard himself against the danger which caused the accident. *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554. *Meehan* v. *Holyoke Street Railway*, 186 Mass. 511. *Duffy* v. *New York, New Haven, & Hartford Railroad*, 192 Mass. 28. *Regan* v. *Lombard*, 192 Mass. 319. *Pembroke* v. *Cambridge Electric Light Co.* 197 Mass. 477.

*Exceptions overruled.*

*H. C. Long*, (*F. W. Campbell* with him,) for the plaintiff.

*A. R. Tisdale*, for the defendant, submitted a brief.