LEORA C. SKINNER *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    November 20, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability, Causing death.

At the trial of an action under R. L. c. 106, § 71, cl. 3, § 73, against a railroad company by the widow of one who, while employed by the defendant, was struck and instantly killed by a train of the defendant, there was evidence tending to show that the plaintiff's husband had been employed by the defendant for four days and in the course of his duties had just placed mail upon a train at a station of the defendant and had nine minutes in which to go to a postoffice one hundred and fifty yards distant, procure mail for another train and return, that in going to the postoffice it was necessary for him to cross double tracks of the defendant over which trains going in both directions frequently passed, that the defendant maintained a gong near the station which was rung when a train, going in the direction opposite to that in which the train that the deceased had just left was going, approached the station, that the day was stormy with rain and sleet and, in crossing the tracks, the plaintiff's husband, pushing a handcart furnished him by the defendant, followed some passengers who had just left the train and walked with his head slightly bent forward, looking down and straight ahead, when, without any gong being rung or the bell or whistle upon the engine being sounded, a train, approaching at the rate of thirty miles an hour from the direction that the train which he had just left had gone, struck him and he was instantly killed. *Held*, that as a matter of law the plaintiff's husband was not in the exercise of due care in placing himself in a position of great danger without giving any attention to his surroundings.

TORT under R. L. c. 106, § 71, cl. 3, § 73, by the widow of one Elwyn S. Skinner, who was alleged to have been instantly killed by being struck by a train coming from Boston while he was employed by the defendant at its Winter Hill station in

Somerville.    Writ in the Superior Court for the county of Middlesex dated January 11, 1907.

At the trial in the Superior Court before *Hardy*, J., besides the facts stated in the opinion, there was evidence tending to show that the defendant was accustomed to have a gong rung near the station as a train approached it from Boston, but that no gong rang to announce the approach of the train that struck the plaintiff's husband. There also was evidence that the bell of the locomotive engine was not rung, and that the train, when it struck the plaintiff's husband, was going thirty miles an hour, which was its usual rate of speed at that point.

The following rule of the defendant was put in evidence: "Approach stations carefully to avoid any risk of accident, and in no case draw up to or pass a station where a train is taking or leaving passengers."

There also was the following evidence as to the weather at the time of the accident: "It had rained during the morning and the rain had just turned to snow. The snow came in large flakes and was driven by the wind so that it drove in the faces of the people crossing going east."

It also appeared that, because of the lateness of the train upon which he had just placed mail, the plaintiff's husband had but nine minutes, if the next train, which he had to meet in the course of his duties, was on time, to go from the station across the tracks one hundred and fifty yards to the postoffice, procure mail for the next train and return.

Other facts are stated in the opinion.

At the close of the evidence the presiding judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*G. S. Littlefield & C. S. Tilden*, for the plaintiff.

*L. T. Trull & F. N. Wier*, for the defendant.

BRALEY, J.    This is an action of tort brought by the widow under R. L. c. 106, §§ 71, 73, to recover for the death of her husband, an employee of the defendant, who was struck and instantly killed by a locomotive as he was crossing the tracks at one of its stations in the performance of his duties as a mail carrier. By the statute, unless the decedent if he had survived could have maintained an action, the plaintiff cannot prevail.

Upon recourse to the evidence it appears that he was employed by the defendant to carry mails between the postoffice and the trains, and for this purpose used a small, two wheeled handcart provided by the railroad, which he pushed before him as he walked.    On the day of the accident, after having delivered the mail to the inward bound train, he waited on the platform until it had partly passed over the plank crossing, when he left the platform and started to pass over this crossing to return to the postoffice for the mail which was to go on the outward bound train, and, while he was on the outward bound track, over which he had nearly passed, the locomotive struck him.    If a finding would have been warranted, that in the performance of his duties he was expected to cross the tracks and that when killed he was about his work in the usual way, all the witnesses who saw and described the accident agreed, that when struck by the train he was walking, pushing the cart in front, with his head slightly bent forward, looking down and straight ahead.    According to common experience, to walk or stand on a railroad track over which, as the decedent knew, notwithstanding his brief experience as an employee,* trains were very often passing, in itself was attended with great danger.    But, even if, intent on his work, he may have followed passengers who preceded him, when, without looking to see whether a train was coming or giving any attention to his surroundings, he started across, his conduct must be held to have been so careless as to amount to contributory negligence which bars any recovery.    *Barstow* v. *Old Colony Railroad*, 143 Mass. 535.    *Cannon* v. *New York, New Haven, & Hartford Railroad*, 194 Mass. 177.    *Winslow* v. *Boston & Maine Railroad*, 165 Mass. 269.

*Exceptions overruled.*

---

* The plaintiff's intestate entered the defendant's employ on October 29, and was killed on November 2, 1906.