JAMES J. PORTER *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   October 3, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability, In freight yard, Railroad.

A laborer employed regularly in a freight yard of a railroad corporation, who in going to a place in the yard where he has been ordered to work, after looking up a track and seeing nothing coming, walks on the track without looking behind him and is struck from behind by the engine of a regular passenger train coming on that track, which is a few minutes late but which he has no sufficient reason to suppose has passed, cannot recover from the corporation for his injuries thus caused.

In an action by a laborer employed regularly in a busy and noisy freight yard of a railroad corporation against that corporation for personal injuries from being run into from behind by a regular passenger train of the defendant when the plaintiff was walking on the track, the fact, that the plaintiff did not hear a bell

or whistle behind him when another train was passing him upon an adjoining track, is not evidence of his due care, because the circumstances called for increased vigilance on his part and he had no right in such a place to trust for his safety to the chance of hearing such a signal.

In an action by a laborer employed regularly in a freight yard of a railroad corporation against that corporation for personal injuries from being run into from behind by a regular passenger train of the defendant when the plaintiff was walking on the track, evidence of a failure by the defendant to observe its established rules is immaterial on the question of the plaintiff's due care, if the rules were not made for the protection of laborers in freight yards, and had not been furnished to the plaintiff nor brought to his knowledge, and he had not observed a general practice in accordance with their requirements.

TORT under the employers' liability act for personal injuries received by the plaintiff shortly after 8. 05 P. M. on June 17, 1907, while he was employed and at work as a laborer in the defendant's freight yard at Fitchburg, from being struck by a regular passenger train of the defendant which was made up at and started from the Fitchburg station at 8. 05 every evening. Writ dated May 16, 1908.

In the Superior Court the case was tried before *Lawton*, J. It appeared that due notice of the injury was given by the plaintiff in accordance with the provisions of the statute. The jury took a view of the premises. On the night of the accident and for several months previously the plaintiff had been employed by the defendant as a laborer around its yard and engine house at Fitchburg and he was familiar with the surroundings. The only witness in regard to liability was the plaintiff. The material facts as shown by his testimony are stated in the opinion.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff.

*A. J. Young*, for the defendant.

SHELDON, J. The plaintiff was in the employ of the defendant as a laborer. While he was at work in the railroad yard putting coal from a car upon an engine, he was ordered to go to the "sand house" and "sand up" an engine. He started toward the sand house, came to the track which led in that direction, stepped upon the track, looked up and saw nothing coming, and then proceeded along the track, without looking behind him, was struck from behind by the engine of a train coming upon

that track, and received the injuries for which he seeks to recover.  Plainly upon these facts his own negligent conduct contributed to the happening of the accident and he cannot recover, unless there is something to justify his failure to look out for his own safety.  *Byrnes* v. *New York, New Haven, & Hartford Railroad,* 195 Mass. 437.  *Morris* v. *Boston & Maine Railroad,* 184 Mass. 368.  *Judge* v. *Elkins,* 183 Mass. 229.  *Jean* v. *Boston & Maine Railroad,* 181 Mass. 197.

A signal ahead of him, but some four hundred or five hundred feet distant, was set to stop there a train coming from behind him.  But this furnished him no protection and no assurance that he might not be hit by such a train; for there was in this, as he knew, nothing to stop a train until it should have gone a considerable distance beyond the point where he was walking.  He did not contend that the position of the signal indicated that the train which struck him had gone out.  While he said in one part of his direct examination that when he saw the signal his belief would be "that the engine had gone out with the train," he immediately added in cross-examination that the position of the signal "would not indicate one way or the other whether the train had gone out or was in the station;" and he repeated this with emphasis.  And it is scarcely material whether he was struck by one or another engine.  He was in a position where, as he knew, he was in danger of being struck by some engine; this was one of the perils of his employment; and he simply ran the risk of what might happen.

Nor is the fact that the train which struck him was some minutes late any justification for his conduct.  There was nothing more to make him think that it had passed by on time, and it is not unusual for a railroad train to be somewhat late, especially at a way station on a through route, even though it is made up at that station as its starting point.  It would still be so, even if, as the plaintiff testified, he had never known of this train failing to go out "about on time."  This is by no means inconsistent with its being a few minutes late.  His further statement that it "always went out on time so far as he knew" was manifestly not intended as a correction or alteration of his former statement.  But taking this at its strongest, it shows no excuse for a failure to look behind him when he did not claim

to have any other reason for thinking that the train might have gone.

That he did not hear a bell or whistle behind him is not material. He was in a railroad yard, a busy and noisy place. A train was just passing him upon an adjoining track. He scarcely would be expected to hear a bell or whistle or the sound of another train behind him. The circumstances called for increased vigilance on his part. *Skinner* v. *Boston & Maine Railroad*, 200 Mass. 422. *Cannon* v. *New York, New Haven, & Hartford Railroad*, 194 Mass. 177. *Vecchioni* v. *New York Central & Hudson River Railroad*, 191 Mass. 9, 14. He ought not in such a place to trust to such a chance for his safety.

If the defendant's servants in charge of the train failed to observe the established rules, this is evidence of negligence for which the defendant might be responsible under R. L. c. 106, § 71, cl. 3. See now St. 1909, c. 514, § 127, cl. 3. But the plaintiff did not claim to have been familiar with these rules or to have relied upon them. They were not made for his protection; they had not been furnished to him or brought to his knowledge; he had not observed a general practice in accordance with their requirements. Such cases as *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532; *Hines* v. *Stanley G. I. Electric Manuf. Co.* 203 Mass. 288, and 199 Mass. 522; *Santore* v. *New York Central & Hudson River Railroad*, 203 Mass. 437; and *Regan* v. *Boston & Maine Railroad*, 208 Mass. 520, are not applicable. See *Lynch* v. *Boston & Maine Railroad*, 200 Mass. 403; *Quinn* v. *Boston Elevated Railway*, 188 Mass. 473; *Morris* v. *Boston & Maine Railroad*, 184 Mass. 368; *Dolphin* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 509; *Tumalty* v. *New York, New Haven, & Hartford Railroad*, 170 Mass. 164; *Sullivan* v. *Fitchburg Railroad*, 161 Mass. 125.

The plaintiff was an experienced man. His injury was not due to any strange or unforeseen event or to any extraordinary peril, but to one of the ordinary risks of his employment, which he should have looked out for and guarded against. The verdict for the defendant was rightly ordered.

*Exceptions overruled.*