LEXIE MACKENZIE *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Suffolk.   March 13, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Employer's liability, Railroad, Due care of plaintiff's decedent.

At the trial of an action under the employers' liability act against a railroad corporation to recover for the death of a fireman upon a locomotive engine, there was evidence that the plaintiff's decedent at the time of his death was at work upon a switching engine in a yard where several tracks in turn branched from a "lead" track, and that his engine was moving on the lead track past one of the branching tracks to another; that it was his duty to take signals from the switching crew and to transmit them to the engineer when, by reason of the position of the train on a curve or the position of the crew or the construction of the engine, the engineer could not receive the signals himself; that, because of the construction of the locomotive, it sometimes was necessary for him to lean out of the cab window to get a signal, and that the conductor of the train knew this; that it was an established custom in the yard not to leave cars on the branching tracks so that they were within a certain distance of the lead track, to do so being deemed unsafe; that a car was left on one of the branching tracks in dangerous proximity to the lead track in violation of the custom; that the conductor, without making any inspection or giving any warning of the danger from the position of the car, signalled to the engineer to back the engine past the track upon which the car was, and that, within two minutes later the plaintiff's decedent was found sitting in the fireman's seat with his head outside the cab window and his skull fractured, and blood was found on the level of the cab window on the corner of the car which had just been passed. *Held,* that there was evidence of due care on the part of the plaintiff's decedent and of negligence on the part of the conductor of the train.

One employed as a fireman on a locomotive engine of a railroad corporation does not assume as a matter of law the risk of injuries caused either by a car on a branch track in a freight yard being left in switching too near to the lead track, or by negligence of a conductor of a switching train in signalling, without inspecting the car's position or warning the fireman, for an engine to run by a car so placed.

DeCourcy, J. This is an action under the employers' liability act to recover damages for the death of Alexander W. Mackenzie, who was killed while working as fireman on a switching engine at the Beacon Park freight yard of the defendant in Boston. From the northerly main track in the yard ran what was known as a lead track; and with this latter, by means of switches, were connected various side tracks running in an easterly direction and parallel with the main line. The one nearest to the main line was number 5, and beyond this were numbers 7, 9 and 11. The accident occurred at about 10.50 in the evening of February 14, 1906, while a switching crew was making up a freight train on number 11. Cars were temporarily thrown upon the different side tracks, and then withdrawn therefrom and put on number 11 in their proper order for the trip. A box car with no brakeman riding thereon had been kicked upon number 5 and was left so near to the lead track that when the engine continued over the lead to track 7, the engine cab cleared the corner of this car by only from three to six inches. Within two minutes later the deceased was found sitting in the fireman's seat, with his head about four inches outside the cab window and his skull fractured; and blood was seen on the corner of the box car at the height of the cab window. The question presented to us is whether the case should have been submitted to the jury.*

1. That the plaintiff, the mother and next of kin of the deceased, was dependent upon his wages for support at the time of his death is not controverted by the defendant. *Mehan* v. *Lowell Electric Light Corp.* 192 Mass. 53.

2. Upon the issue of the due care of the deceased there was

* The action was brought by the mother of Mackenzie, who was his only next of kin. The case was tried in the Superior Court before *Brown*, J. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant and reported the case for determination by this court, judgment to be entered for the defendant if the ordering of the verdict was right, and, if it was wrong, for the plaintiff in the sum of $2,500.

testimony tending to prove these facts: In the making up of a train the cars were moved in response to signal motions with a lantern, given by the conductor of the switching gang to the middleman, by him passed along to the head end man, and by the last named transmitted to the engineer. When the man giving the signal was in a position where the engineer could not see him, the fireman always took the signal and communicated it to the engineer. Such was the situation when they were going around a curve, and also when the signalling men were on the ground on the fireman's side; because the engineer's view was obstructed by the boiler butt of this engine which extended back through the cab to within eighteen inches of the back board, and was six and a half feet in height above the floor. The fireman's view in the direction the engine was backing was obstructed by the coke rack on top of the tender, which extended seven feet above the floor of the cab and projected three or four inches beyond the sides of the tender. Consequently, when watching for signals from the men who might be on his side of the track, it was necessary for Mackenzie to put his head out of the cab window. In doing so he might well rely somewhat on the conductor's observance of the established custom not to leave a car too close to an adjoining intersecting track; and in the darkness of the stormy night his failure to perceive the unusual proximity to his track of the box car, before he was brought into contact with it, was not necessarily careless. Upon the evidence the question of the plaintiff's due care was for the jury. *Lury* v. *New York, New Haven, & Hartford Railroad,* 205 Mass. 540.

As no question of pleading is raised by the report we assume that the defense of assumption of risk is open to the defendant. *Shannon* v. *Willard,* 201 Mass. 377. *Leary* v. *William G. Webber Co.* 210 Mass. 68. Clearly it could not be ruled as matter of law that the deceased assumed the risk. The doctrine applying to permanent structures in dangerous proximity to the track has no application here. *Donahue* v. *Boston & Maine Railroad,* 178 Mass. 251. And the negligence of the conductor, upon which the plaintiff relies, is not a risk assumed by the latter's contract of employment. *Murphy* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 18.

3. There was also evidence of negligence on the part of Ford,

who was the conductor in charge of the shifting work, and for whose negligence the defendant is responsible. The accident was due to leaving the box car on track 5 in dangerous proximity to the adjoining track, when it appears that there was ample free space farther down. Ordinarily, in placing the cars the conductor is concerned only with leaving sufficient space to enable cars upon other tracks to clear without colliding. But here the conductor might be found to have known that the fireman, in performing his duty of watching for signals, would be compelled to put his head out of the cab window; and this would impose upon Ford a duty to consider Mackenzie's safety in the placing of the cars. Further it could be found that a custom prevailed in this freight yard not to leave a car where a person could reach it when standing outside the adjacent track and measuring the width of his body and the length of his arm; and the conductor testified that if the car is within that distance it is unsafe. The box car on track 5 was fully twelve inches nearer than this customary distance from the track upon which the engine was at the time of the accident, as the clear space was only from three to six inches. Nevertheless the conductor, without making any inspection or giving any warning of the danger, signalled to the engineer to back the engine upon track 7. We are of opinion that the case should have been submitted to the jury. *Dacey* v. *Old Colony Railroad,* 153 Mass. 112. *Lury* v. *New York, New Haven, & Hartford Railroad,* 205 Mass. 540. *Anthony* v. *New York, New Haven, & Hartford Railroad,* 208 Mass. 11.

This conclusion renders it unnecessary for us to consider whether there was also evidence for the jury of negligence on the part of the engineer. In accordance with the report judgment is to be entered for the plaintiff in the sum of $2,500.

*So ordered.*

*James J. McCarthy,* for the plaintiff.

*G. L. Mayberry,* (*J. M. Gibbs* with him,) for the defendant.