MARTHA J. PARMELEE, administratrix, *vs.* NEW YORK CENTRAL
AND HUDSON RIVER RAILROAD COMPANY.

Middlesex.   March 13, 1913. — June 18, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Railroad, In freight yard.

In an action by the administrator of a freight brakeman against a railroad cor-
poration for causing the death of the plaintiff's intestate, it appeared that the
intestate and a fellow brakeman were charged with the duty of uncoupling
two box freight cars from a switching engine and placing each on a different
track in the freight yard, that this required one of the brakemen to get on the
top of each car when it was switched, that one of the cars was uncoupled and
switched successfully, and that the intestate's fellow brakeman was on the top of
the remaining car, prepared to brake it when shunted by the engine, a duty which
was called "riding the car," that to uncouple the car it was necessary to turn a
lever, which could be reached either by standing on the footboard of the engine,
a place of safety, or by standing on the lowest round of a ladder attached to the
side of the car, that the intestate chose to stand on the ladder of the car, which
would have been the proper place for him to stand if it had been necessary for
him to "ride" the car, and it did not appear that the intestate knew that his
fellow brakeman was on the top of the car, that the intestate while on the lad-
der was caught between the car he was on and a coal car, which negligently had
been left standing on a converging track so near that there was not room for the
body of a man between the two cars, and was killed.  It did not appear
that the intestate had or ought to have had any knowledge of the proximity of
the coal car to the track except such as he might have gained from his obser-
vation at the time if his attention had not been diverted by the work in hand.
*Held,* that the question whether the intestate was in the exercise of due care
was for the jury.

It is evidence of negligence on the part of the servants of a railroad corporation,
that they left a coal car standing on a track in a freight yard so near a con-
verging track that a brakeman standing on a ladder attached to the side of a
car passing on such converging track would be crushed between the cars.

TORT by the administratrix of the estate of Henry Parmelee,
a freight brakeman, to recover for his conscious suffering and
death on June 8, 1907, when employed in the freight yard of
the defendant at Cambridge.  Writ dated January 17, 1908.

In the Superior Court the case was tried before *Morton,* J.
The facts which could have been found upon the evidence are
stated in the opinion.  At the close of the evidence the judge

ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court, with the stipulation that, if upon the evidence the jury would have been warranted in finding a verdict for the plaintiff, judgment was to be entered for the plaintiff in the sum of $3,000; otherwise, judgment was to be entered upon the verdict.

*G. A. Ham,* (*W. F. Frederick* with him,) for the plaintiff.

*G. L. Mayberry,* (*L. A. Mayberry* with him,) for the defendant.

RUGG, C. J. This is an action to recover for the death of the plaintiff's intestate while in the employ of the defendant as a freight brakeman. Just before the accident, which occurred on the afternoon of a June day, he and a fellow brakeman named Daly were charged with the duty of uncoupling two box freight cars from a switching engine and placing them on different tracks in the Cambridge freight yard. This involved also one brakeman getting on each car when it was switched, and setting the brake at the proper time. One of the cars was switched without incident. A flying switch was to be made of the remaining one. Daly was upon its top prepared to brake it when shunted by the locomotive. This was called "riding the car." It was the work of Parmelee to uncouple this car. He might have done this either by turning a lever while standing on the footboard of the locomotive, a place of safety so far as appears, or by putting his foot on the lower round of the ladder of the freight car and reaching for the lever from this position. Either way would have been proper although done while the locomotive and car were in motion. He was left to do this work in his own way, and chose to stand on the ladder of the freight car. This was on the side and not on the end of the car. While standing thus he was caught between the car he was on and a coal car on the next track, so near that there was not room between the two for his body. If it had been necessary for him to "ride" the car in question, there can be no dispute on this record that it would have been proper for him to stand on the car. Daly was on the car ready to "ride" it, so there was no occasion for Parmelee to go on the car. But there is nothing to show whether Parmelee knew where Daly was. The whole case hardly requires the conclusion as matter of law that he was bound to know that Daly was in position to perform this duty.

The evidence varied as to the distance between the car on which Parmelee was and the coal car, from six inches to a foot or more. It does not appear that Parmelee had anything to do with placing the coal car or knew or ought to have known from previous observations its proximity to the track on which he was working. The degree of intentness with which he attended to the work in hand would to that extent divert his thought from objects on other tracks. Although the case is close on this point, we think his due care was for the jury.

There was evidence of negligence on the part of the servants of the defendant in leaving the coal car so near to the converging track on which Parmelee was working as to make it dangerous for him to perform his duty. In this respect the case is indistinguishable from *Dacey* v. *Old Colony Railroad*, 153 Mass. 112, and *Mackenzie* v. *New York Central & Hudson River Railroad*, 211 Mass. 586.

In accordance with the terms of the report let the entry be

*Judgment for the plaintiff for $3,000.*