FREDERICK E. PIERCE & another *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    September 29, 1913.—November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence*, Railroad.

A brakeman employed in a freight yard of a railroad corporation, who knows that there is a practice in the yard when shunting a car upon one of two intersecting tracks to place the car at a sufficient distance from the point of intersection to leave room for a man to pass between it and another car moving on the intersecting track, and who knows that this practice is intended, at least in part, to

guard the safety of men working upon or near the cars, has a right to assume that cars upon two intersecting tracks have been placed in accordance with this practice and, in going in the night-time to couple a car on one of such tracks to a train, it is not negligence as matter of law for him to proceed to do so without stopping to ascertain whether the cars standing on the two tracks are placed far enough from the intersection of the tracks to afford him sufficient room to pass without being caught between them when one of them is put in motion.

It is evidence of negligence on the part of a railroad corporation toward a brakeman employed in one of its freight yards, that a car was placed and allowed to stand on one of two intersecting tracks in the freight yard so near the point of intersection that a car moving on the other track would not leave room for a man to pass or stand safely between the two cars.

TORT by the father and mother of John N. Pierce, late of Worcester, as his dependent next of kin, under St. 1909, c. 514, § 129, to recover for the instantaneous death of their son on January 5, 1911, when he was in the employ of the defendant and was engaged in coupling cars in the defendant's freight yard at Worcester. The eighth count of the declaration, on which alone the case went to the jury after the plaintiffs had waived all their other counts, alleged that the decedent was in the employ of the defendant as a brakeman and that his death was caused by the negligence of some person or persons in the service of the defendant who at the time had charge and control of a certain train of the defendant in the defendant's freight yard at Worcester, by reason of which the decedent was caught between a moving freight car and a freight car standing on another track. Writ dated December 19, 1911.

In the Superior Court the case was tried before *Hall,* J. It appeared that the place where the decedent was killed was between two intersecting repair tracks in the freight yard numbered respectively two and three. The manner of the accident is described in the opinion. The accident happened at 2.30 A. M. on January 5, 1909. It was agreed by the counsel for the defendant that the Pennsylvania Railroad car standing on repair track number 3 was put there in the daytime on the morning of January 4 and that the Delaware and Hudson Railroad car which was on repair track number 2 had been put there during the night of January 4. The defendant offered no evidence.

The judge ruled that the plaintiffs were not entitled to recover and ordered a verdict for the defendant. The plaintiffs alleged exceptions.

*D. I. Walsh,* for the plaintiffs.

*C. M. Thayer,* for the defendant.

SHELDON, J.   The deceased met his death in consequence of having been caught between two cars which were standing respectively upon tracks numbered two and three in the defendant's freight yard.   These were "repair tracks," upon which were placed only cars that needed repairing.   They were intersecting tracks. There was a practice in the yard, when cars were shunted upon these or other intersecting tracks, to place them, not close to the point of intersection, but at a sufficient distance therefrom to leave room for a man to pass between the cars; and it could be found that this was intended, partly at least, for the safety of men working upon or near to the cars, so that one of the difficulties encountered in *Porter* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 271, 274, does not stand in the way of these plaintiffs. The deceased in the proper performance of his duty had gone between the tracks and between the two cars for the purpose of coupling one of them to a train that it might be moved out of the way.   Accordingly the jury could find that he had a right to act upon the assumption that the cars had been properly placed and that there was room for him to go between them as he needed to do, and that it was not negligent for him to do this without stopping to ascertain whether they were in fact placed far enough away from the intersection of the tracks to afford him sufficient room. *Mackenzie* v. *New York Central & Hudson River Railroad,* 211 Mass. 586.   *Parmelee* v. *New York Central & Hudson River Railroad,* 215 Mass. 294.   There are circumstances in the case at bar which differ from those of the cases cited; but there is nothing which requires as matter of law the application of a different rule.

There was evidence of negligence for which the defendant could be held liable in placing the car on track number 3 too near to track number 2.   *Parmelee* v. *New York Central & Hudson River Railroad, supra.*   *Dacey* v. *Old Colony Railroad,* 153 Mass. 112.   It has not been argued that as to this there was a variance between the declaration and the evidence; and we have not considered whether such a contention could have been sustained.

*Exceptions sustained.*